**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Michael Williams, Lucy Parsons Labs, Daniel Ortiz, and Derick Scruggs, on behalf of himself and a class of similarly situated people, | ) ) ) ) ) | Case No.   22-cv-3773 |
| Plaintiffs, | ) ) ) | Hon. Ronald A. Guzman |
| v. | ) ) | |
| City of Chicago, et al., | ) ) | |
| Defendants. | ) ) | |

**<u>INDIVIDUAL DEFENDANTS' MOTION TO DISMISS</u>**

Defendants, Nicholas Evangelides, Dale Potter Jr., Michael Kociolek, Scott Reiff, Brian Roney, Juan Perez, Marc LaPadula, Scott Brownley, Joseph Merkel, Carol Maresso, Nestor De Jesus, Salvatore Aloisio, Robert Costello, Michael Dougherty, David Magana, Eduardo Almanza, Harsimran Powar, Michael Matias, Fidel Legorreta, Theodore Andrews Jr., Sarah Keckley, and "Jane Doe", [1] (collectively "Individual Defendants"), respectfully move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiffs' Amended Complaint. In support of their motion, Individual Defendants state as follows:

---

[1] The City anticipates representation of "Jane Doe", if identified. All arguments for dismissal are applicative.

**TABLE OF CONTENTS**

INTRODUCTION ..........................................................................................................................1

ARGUMENT ...............................................................................................................................1

  I.   COUNTS IV, V, VI, VII, IX, X, XI AND XII SHOULD BE DISMISSED FOR FAILURE TO ADEQUATELY STATE A CLAIM WHERE THE COUNTS ARE VAGUE AND IMPROPERLY ENGAGE IN GROUP PLEADING. ...........................................................1

    A.    Under *Twombly* each count of a complaint needs sufficient factual specificity ...................1

    B.    Group pleading is disfavored by the Courts ...........................................................................2

    C.    Inconsistencies and lack of factual specificity should result in dismissal of specific officers .....................................................................................................................................4

  II.  PLAINTIFF WILLIAMS' UNLAWFUL SEIZURE CLAIM IN COUNT IV SHOULD BE DISMISSED FOR FAILURE TO ADEQUATELY STATE A CLAIM. ................................9

  III.  PLAINTIFF WILLIAMS' UNLAWFUL SEIZURE CLAIM IN COUNT V BASED ON LEGAL PROCESS WITHOUT PROBABLE CAUSE SHOULD BE DISMISSED FOR FAILURE TO PROPERLY STATE A CLAIM. ............................................................................10

  IV.  PLAINTIFF WILLIAMS' MALICIOUS PROSECUTION CLAIMS IN COUNTS VI AND X SHOULD BE DISMISSED AS THEY FAIL TO STATE A CLAIM. ................................11

  V.  PLAINTIFF WILLIAMS' FEDERAL AND STATE LAW CONSPIRACY CLAIMS IN COUNTS VII AND XI SHOULD BE DISMISSED BECAUSE THEY FAIL TO STATE A CLAIM OF CONSPIRACY AND ARE FACIALLY DEFICIENT. ..................................15

    A.    Failure to Adequately State a Claim .....................................................................................16

    B.    Intra-corporate Conspiracy Doctrine ....................................................................................17

    C.    Failure to Plead Conspiracy under § 1983 ...........................................................................17

    D.    Failure to Plead Conspiracy under State Law ......................................................................18

  VI.  PLAINTIFF WILLIAMS' SUPERVISORY LIABILITY CLAIM, COUNT VIII SHOULD BE DISMISSED WHERE IT IS NOT ALLEGED SUPERVISORS WERE PERSONALLY INVOLVED IN UNLAWFUL CONDUCT OF SUBORDINATES. ........19

  VII. COUNT IX SHOULD BE DISMISSED WHERE PLAINTIFF WILLIAMS HAS FAILED TO ADEQUATELY PLEAD FAILURE TO INTERVENE. ..................................21

  VIII.   PLAINTIFF WILLIAMS' IIED CLAIM (COUNT XII) SHOULD BE DISMISSED WHERE IT IS TIME BARRED, INSUFFICIENTLY PLED & WITHOUT MERIT. .......24

  IX.  COUNT XIV SHOULD BE DISMISSED BECAUSE IT FAILS TO SUFFICIENTLY STATE A CLAIM DEFENDANT OFFICERS POWAR AND MATIAS DID NOT HAVE REASONABLE ARTICULABLE SUSPICION. ............................................................25

  X.  THE CLAIMS FOR FAILURE TO INTERVENE, COUNT XV, AND CONSPIRACY, COUNT XVI, SHOULD BE DISMISSED WHERE PLAINTIFF ORTIZ HAS FAILED TO ADEQUATELY PLEAD EITHER CLAIM. .......................................................................26

XI.  TO THE EXTENT THE FALSE SEIZURE ALLEGATIONS IN COUNT XVIII ARE DUPLICATIVE OF COUNT XVII, THOSE ALLEGATIONS SHOULD BE DISMISSED. FURTHER, PLAINTIFF SCRUGGS' COMPLAINT ESTABLISHES OFFICERS HAD PROBABLE CAUSE TO ARREST HIM; THEREFORE, COUNT XVIII SHOULD BE DISMISSED. ............................................................................27

XII. COUNT XIX SHOULD BE DISMISSED WHERE PLAINTIFF SCRUGGS HAS FAILED TO ADEQUATELY PLEAD A FAILURE TO INTERVENE............................31

XIII.  PLAINTIFF SCRUGGS' FEDERAL AND STATE LAW CONSPIRACY CLAIMS IN COUNTS XX AND XXII SHOULD BE DISMISSED BECAUSE THEY FAIL TO STATE A CLAIM OF CONSPIRACY AND THEY ARE FACIALLY DEFICIENT. .......32

XIV.  PLAINTIFF SCRUGGS' STATE LAW CLAIM IN COUNT XXI FOR FALSE ARREST SHOULD BE DISMISSED BECAUSE THERE WAS PROBABLE CAUSE FOR HIS ARREST. ........................................................................................................32

XV. INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ON ALL CLAIMS BASED ON THEIR RELIANCE ON SHOTSPOTTER. ............................33

CONCLUSION ....................................................................................................................35

**TABLE OF AUTHORITIES**

**Supreme Courts**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)..............................................................1, 2, 16, 23, 24

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)..............................................1, 4, 16, 22, 25

*Briscoe v. LaHue*, 460 U.S. 325 (1983)..............................................................................10, 16

*City of Canton v. Harris*, 489 U.S. 378, 388 (1989).................................................................20

*Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 269 (2003)................................................................25

*Fritz v. Johnston*, 209 Ill. 2d 302, 318, (2004)......................................................................19

*Illinois v. Wardlow*, 528 U.S. 119, 123 (2000).......................................................................28

*Pearson v. Callahan*, 555 U.S. 223, 231 (2009)....................................................................34

*People v. Fitzpatrick*, 2013 IL 113449 (Ill.,2013)..................................................................30

*People v. Luedemann*, 222 Ill. 2d 530, 552 (2006)................................................................28

*Swick v. Liautaud*, 169 Ill. 2d 504, 512-513 (1996).........................................................11, 15

*Terry v. Ohio*, 392 U.S. 1, 18–20 (1968).......................................................................25, 28

*Thompson v. Clark*, 142 S. Ct. 1332, 1337 (2022)...........................................................10, 15

*U.S. v. Arvizu*, 534 U.S. 266, 277 (2002).............................................................................28

*U.S. v. Sokolow*, 490 U.S. 1, 7 (1989)................................................................................28

*U.S. v. Williams*, 112 S. Ct. 1735, 1746 (1992).....................................................................11

*Vega v. Tekoh*, 2022 WL 2251304 (June 23, 2022)..................................................................8

*Whren v. United States*, 517 U.S. 806, 806 (1996)..................................................................31

**Appellate Courts**

*Alam v. Miller Brewing Co.*, 709 F. 3d 662, 665-66 (7th Cir. 2013).............................................2

*Bridewell v. Eberle*, 730 F. 3d. 672, 678 (7th Cir. 2013).......................................................24

*Brooks v. Rossi*, 578 F. 3d 547, 580 (7th Cir. 2009)...............................................................3

*Colbert v. City of Chi*cago., 851 F. 3d 649, 657 (7th Cir. 2017)..................................................3

*Coleman v. City of Peoria*, 925 F. 3d 336, 352 (7th Cir. 2019) ...........................................11, 17

*Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009)...........................................................17

*Fernandez v. Perez*, 937 F. 2d 368 (7th Cir. 1991).................................................................14

*Harper v. Albert*, 400 F. 3d 1052, 1064 (7th Cir. 2005)..................................................23, 27, 32

*Holmes v. Vill. of Hoffman Estates,* 511 F.3d 673  (7th Cir. 2007)............................................29

*Honaker v. Smith*, 256 F. 3d 477, 491 (7th Cir. 2001)............................................................25

*Jones v. City of Chi.*, 856 F. 2d 985, 992–93 (7th Cir.1988)......................................................20

*Lewis v. City of Chicago*, 914 F. 3d 472 (7th Cir. 2019)..........................................................11

*Massey v. Merrill Lynch & Co.*, 464 F. 3d 642, 650 (7th Cir. 2006) ......................................30, 33

*Matthews v. City of East St. Louis*, 675 F. 3d 703, 706 (7th Cir. 2012).......................................20

*McDowell v. Village Of Lansing*, 763 F. 3d 762, 768 (7th Cir. 2014)..........................................14

*McWilliams v. City of Chicago*, 2022 WL 135428, at *1 (7th Cir. 2022)........................................33

*Mwangangi v. Nielsen*, 48 F. 4th 816, 834 (7th Cir. 2022).................................................23, 24

*Redelmann v. Claire Sprayway, Inc.*, 375 Ill. App. 3d 912, 923 (1st Dist., 2007)........................18, 19

*Reed v. City of Chicago*, 77 F. 3d 1049 (7th Cir. 1996)......................................................12, 13

*Reynolds v. Jamison,* 488 F. 3d 756,764 (7th Cir. 2007)..........................................................17

*Richards v. Mitcheff*, 696 F. 3d 635, 637 (7th Cir. 2012) ..........................................................1

*Rodgers v. Peoples Gas, Light & Coke Co.*, 733 N.E. 2d 835, 842 (Ill. 2000)..................................13

*Ross v. Town of Austin, Ind.*, 343 F. 3d 915, 918 (7th Cir. 2003)..............................................20

*Scherer v. Balkema*, 840 F. 2d 437, 441 (7th Cir.1988)...........................................................17

*Schertz v. Waupaca County*, 875 F. 2d 578, 582 (7th Cir. 1989)................................................14

*Sneed v. Rybicki,* 146 F. 3d 478, 481-82 (7th Cir. 1998)..........................................................12

*Spiegel v. Rabinovitz,* 121 F. 3d 251, 257 (7th Cir. 1997) ........................................................11

*Tamayo v. Blagojevich,* 526 F. 3d 1074, 1086 (7th Cir. 2008) ....................................................4

*Tarkowski v. Bartlett Realty Co.,* 644 F. 2d 1204, 1208 (7th Cir. 1980) ...................................16

*United States v. Murray,* 89 F. 3d 459, 461 (7th Cir.1996) ........................................................31

*Washington v. Summerville,* 127 F. 3d 552, 557 (7th Cir. 1997) .......................................... 13, 15

*Yang v. Hardin,* 37 F. 3d 282, 285 (7th Cir. 1994) .....................................................................23

**District Courts**

*Angara v. City of Chicago,* 897 F. Supp. 355, 358-359 (N.D. Ill., 1995) ...................................33

*Atkins v. Hasan,* 2015 WL 3862724, at *2 (N.D. Ill., 2015) ........................................................2

*Barnhouse v. City of Muncie,* 499 F. Supp. 3d 578, 598 (S.D. Ind., 2020)......................22, 26, 31

*Barrow v. Blouin,* 38 F. Supp. 3d 916, 920 (N.D. Ill., 2014) ......................................................29

*Beaman v. Souk,* 2011 WL 832506, at *12 (C.D. Ill., 2011) .......................................................22

*Carr v. Village of Richmond,* 1996 WL 663921, at *9 (N.D. Ill., 1996) .....................................25

*Carter v. Dolan,* 2009 WL 1809917, at *3 (N.D. Ill., 2009) .........................................................3

*Chartwell Studio, Inc. v. Team Impressions, Inc.,* 2020 WL 4053752, at *9 (N.D. Ill., 2020)......18

*Choyce v. Friar,* 2008 WL 2567037, at *3 (N.D. Ill., 2008) .........................................................4

*DeGeer v. Gillis,* 707 F. Supp. 2d 784, 795 (N.D. Ill., 2010) .....................................................29

*Dickman v. Office of the State's Attorney of Cook County,* 2018 WL 1377907, at *10 (N.D. Ill., 2018) .......16

*Dobiecki v. Palacios,* 829 F. Supp. 229, 235 (N.D. Ill., 1993)....................................................15

*Estate of Keys v. City of Harvey,* 1993 WL 243359 *3 (N.D. Ill., 1993) ..............................28, 29

*Flint v. City of Milwaukee,* 91 F. Supp. 3d 1032, 1063 (E.D. Wis., 2015) .................................27

*Gross v. Chapman,* 475 F. Supp. 3d 858, 864 (N.D. Ill., 2020) ..................................................25

*Haliw v. City of South Elgin,* 2020 WL 1304697, *9 (N.D. Ill., 2020).......................................17

*Lattimore v. Village of Streamwood,* 2018 WL 2183991, at *4 (N.D. Ill., 2018).........................3

*Liera v. City of Chicago,* 2014 WL 3921359, at *3 (N.D. Ill. 2015) ............................................4

*Lopez v. Vidljinovic,* 2016 WL 4429639, at *3 (N.D. Ill., 2016) ................................................21

*Martinez v. City of Chicago,* No. 09 CV 5938, Dkt. 50 (N.D. Ill. 2010) .....................................2

*Mayes v. City of Hammond,* Ind., 442 F. Supp. 2d 587, 634 (N.D. Ind. 2006) ..........................20

*Mission Measurement Corp. v. Blackbaud, Inc.,* 287 F. Supp. 3d 691, 725-26 (N.D. Ill., 2017) ........... 19, 29

*Murphy v. City of Chicago,* 2015 WL 1746554 (N.D. Ill., 2015) ...............................................18

*Neita v. City of Chicago,* 2019 WL 5682838, at *4 (N.D. Ill., 2019) ..........................................19

*Patterson v. Burge,* 328 F. Supp. 2d 878, 899 (N.D. Ill., 2004) .................................................33

*Perkins v. Flossmoor Police Dept.,* 2015 WL 5321263, at *7 (N.D. Ill., 2015)...........................5

*Siegel v. Shell Oil Co.,* 656 F. Supp. 2d 825, 836 (N.D. Ill., 2009) ............................................18

*Stubbs v. City of Chicago,* 2022 WL 2915645, *10 (N.D. Ill., 2022)..........................................24

*Thompson v. Village of Monee,* 2013 WL 3337801, at *13 (N.D. Ill., 2013) .......................26, 31

*Treece v. Village of Naperville,* 903 F. Supp. 1251, 1258 (N.D. Ill., 1995) ..........................12, 15

*Trout v. Frega,* 926 F. Supp. 117, 120-121 (N.D. Ill., 1996).................................................5, 23

*Van Vliet v. Cole Taylor Bank,* 2011 WL 148059, at *2 (N.D. Ill., 2011) .................................10

*Wilbon v. Plovanich,* 67 F.Supp.3d 927 (N.D. Ill., 2014) ....................................................20, 29

*Williams v. Carroll,* 2010 WL 5463362, at *4 (N.D. Ill., 2010) .................................................31

**Statutes**

225 ILCS 447/45-50-A-1 .............................................................................................................30

745 ILCS 10/1-202 ......................................................................................................................14

745 ILCS 10/8-101 ......................................................................................................................24

**Rules**

Fed. R. Civ. P. 12(b)(6)...........................................................................................................................1

**INTRODUCTION**

The Amended Complaint was filed on November 14, 2022, and asserts distinct claims on behalf of three individual plaintiffs: Michael Williams, Daniel Ortiz, and Derick Scruggs. ("Compl." Dkt. 38).[2] The shotgun pleading style of the Amended Complaint asserts claims against 21 police officer defendants without alleging personal involvement in the alleged wrongdoing. Accordingly, the Complaint should be dismissed because even under liberal pleading standards, it fails to identify a plausible claim upon which relief may be granted as to each Defendant Officer.[3]

**ARGUMENT**

*Plaintiff Michael Williams*

I. **COUNTS IV, V, VI, VII, IX, X, XI AND XII SHOULD BE DISMISSED FOR FAILURE TO ADEQUATELY STATE A CLAIM WHERE THE COUNTS ARE VAGUE AND IMPROPERLY ENGAGE IN GROUP PLEADING.**

Counts IV, V, VI, VII, IX, X, XI and XII must be dismissed because they lack sufficient factual specificity, engage in improper group pleading, and fail to give Defendants adequate notice of the claims of unlawful conduct ascribed to them. These counts do not contain sufficient factual matter, even if accepted as true, to rise above speculation and allow the Court to infer that any of the defendant officers are liable for the violations alleged, as required by law. Thus, they must be dismissed.

A. **Under *Twombly* each count of a complaint needs sufficient factual specificity**

A Motion to Dismiss under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted. *Richards v. Mitcheff*, 696 F. 3d 635, 637 (7th Cir. 2012). Under federal notice-pleading standards, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When reviewing the sufficiency of a complaint under the

---

[2] The facts contained in the Plaintiffs' Complaint are admitted solely for the purposes of this Motion to Dismiss.
[3] All three plaintiffs' cases were unilaterally dismissed by the Cook County State's Attorney's Office prior to any conviction being entered or any substantive hearing being conducted.

1

plausibility standard in ruling on a Rule 12(b)(6) Motion to Dismiss, courts accept as true the well-pled facts of a complaint. *Alam v. Miller Brewing Co.*, 709 F. 3d 662, 665-66 (7th Cir. 2013).

Instant Plaintiffs' claims are not well-pled, they are speculative and conclusory, requiring dismissal. *See Ashcroft,* 556 U.S. at 678–79 (court not required to accept as true legal conclusions couched as factual allegations, unsupported conclusions of fact, or formulaic recitations of the elements of a cause of action- in such cases dismissal is appropriate). For example, Count Four merely states conclusions of law, such as that "Williams Defendant Officers falsely detained and arrested Plaintiff," without providing any specific actions that officers took that were unconstitutional. Compl. ¶ 568-569. Mere conclusions are also found in the malicious prosecution claims in Counts Six and Ten where Plaintiff broadly states defendant officers arrested and charged him with murder despite lacking probable cause and instituted and continued unjust legal proceedings. Compl. ¶ 579-81, 604-07. The Northern District has consistently held that these sorts of bald allegations fail to satisfy pleading requirements making dismissal appropriate. *See Ashcroft,* 556 U.S. at 678–79 (where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown pleader is entitled to relief).

### B. Group pleading is disfavored by the Courts

Failure to individually identify officers in claims of error by referring to them generally as "defendants" or "officers" violates Rule 8 if it fails to provide sufficient detail to put Defendant Officers on notice of the claims against them. "Details about who did what are not merely nice-to-have features of an otherwise-valid complaint; to pass muster under Rule 8 of the Federal Rules of Civil Procedure, a claim to relief must include such particulars" *Atkins v. Hasan*, 2015 WL 3862724, at *2 (N.D. Ill., 2015); *Martinez v. City of Chicago*, No. 09 CV 5938, Dkt. 50 (N.D. Ill. 2010) (Grady, J.) (dismissing complaint against twenty-four police officers because it failed to provide notice to the officers regarding which claims were brought against them by failing to provide any facts as to those

officers' involvement and "Section 1983 liability must be predicated on personal involvement."); *Carter v. Dolan*, 2009 WL 1809917, at *3 (N.D. Ill., 2009) (referral to multiple police officers with the identifier "defendant officers," was insufficient notice of misconduct in original complaint, as was substitution of the identifier with the names of all nine officers in the amended complaint).

Additionally, there is a personal liability requirement for §1983 claims that the claims are based on personal liability and predicated upon fault. *Colbert v. City of Chicago.*, 851 F. 3d 649, 657 (7th Cir. 2017). In *Brooks v. Rossi*, 578 F. 3d 547, 580 (7th Cir. 2009), the Seventh Circuit affirmed the district court's dismissal of a §1983 claim as providing inadequate connection between specific defendants to specific allegations where plaintiff alleged that "one or more of the defendants" engaged in conduct that deprived him of his constitutional rights. *Id.*; *see Lattimore v. Village of Streamwood*, 2018 WL 2183991, at *4 (N.D. Ill., 2018) (holding plaintiffs' repeated allegations against five individuals identified as "Responding Officers" and eight individual "Defendant Officers" fell short of stating a plausible claim for relief).

Adding to the vague and conclusory nature of Counts IV, V, VI, VII, IX, X, XI and XII is that Plaintiff engages in group pleading, referring to "Williams Defendant Officers" to broadly refer to 16 defendants in each count. For example, in Count Four's claim of unlawful seizure, Plaintiff does not delineate which officers actually arrested him, which officers utilized ShotSpotter technology, or which officers had personal responsibility for his charging. In Count Five's claim of unlawful seizure pursuant to legal process, with the exception of Detectives Evangelides and Potter (to whom Plaintiff provides no notice as to what false evidence they are alleged to have presented), Plaintiff never specifically alleges anywhere in the Complaint that any of the other 14 individual defendants testified at Grand Jury proceedings, participated in securing an indictment, or testified at a probable cause hearing. In the malicious prosecution counts, Six and Ten, with the exception of Detectives Evangelides and Potter, Plaintiff refers to the remaining defendants as "Williams Defendant Officers."

Plaintiff fails to specify how the remaining 14 defendant officers caused proceedings to be initiated against him wrongfully and maliciously. Because of these pleading deficiencies, Counts IV, V, VI, VII, IX, X, XI and XII should be dismissed as they do not give fair notice to Defendant Officers what the alleged misconduct is, and who is alleged to have done it. *See Liera v. City of Chicago*, 2014 WL 3921359, at *3 (N.D. Ill. 2015) (dismissing plaintiff's complaint against thirty-two unspecified defendant officers for vagueness under *Twombly*: "[A]llegations against collective groups do not survive motions to dismiss because defendants are not put on notice of the claims against them.").

## C. Inconsistencies and lack of factual specificity should result in dismissal of specific officers

Count Four's failure to identify the individual officers' personal, meaningful involvement in the arrest should result in the dismissal of all Williams Individual Defendants. In ¶ 26 of his Complaint, Williams states he was arrested by Defendants Evangelides, Potter, Kociolek, Reiff, Roney, Perez, LaPadula, Brownley, Merkel, Maresso, De Jesus, Aloisio, Costello, Dougherty, Magana, and Almanza on August 28, 2020. Yet in ¶ 287, Plaintiff lists a different set of arresting officers- Nunez, Almanza, Evangelides, Magana, Perez, Reiff and Potter. And again, in Count Four, Plaintiff blanketly states the arresting officers were "Williams Defendant Officers," even though there are 16 such officers. These discrepancies indicate Plaintiff is dragging these officers into Count Four without a good faith basis for his claims. *See Tamayo v. Blagojevich,* 526 F. 3d 1074, 1086 (7th Cir. 2008) (pleading rules do not tolerate factual inconsistencies in a complaint). These inconsistencies result in a failure of notice to the defendant officers. *See Choyce v. Friar*, 2008 WL 2567037, at *3 (N.D. Ill., 2008) (the identities of the officers involved in claims is necessary to satisfy proper notice).

**Detectives Merkel, Maresso, DeJesus and Aloisio** are all pled in the same manner. In ¶ 26, Plaintiff alleges the four detectives arrested him on August 28, 2020, but Plaintiff provides no support that they had any decision-making power or contribution to the decision to arrest him. Moreover, even assuming they were involved tangentially in Plaintiff's arrest, that is not a sufficient basis for a

Fourth Amendment violation.[4] Other than the claim they arrested him in ¶ 26, Plaintiff's only other mention of these Detectives in the entire complaint is in ¶ 291 where he alleges they, along with other Individual Defendants, "continued to investigate the case after Mr. Williams' arrest, seeking to obtain approval to file murder charges against Mr. Williams. During this post-arrest period, they did not find evidence to implicate him in the crime." This vague statement asserts no constitutional violation. Thus, Defendants Merkel, Maresso, DeJesus and Aloisio should be dismissed from the complaint entirely.

**Officers Magana and Almanza** are pled in the same manner. In ¶ 26 and ¶ 287, Plaintiff generically states the officers formally arrested him, without any factual elaboration other than it was without physical evidence or a confession. In the entire complaint, Officers Magana and Almanza are only mentioned in ¶ 26 and ¶ 287. Plaintiff does not plead any facts indicating these officers had decision making power or even contributed to the decision to arrest him. As established above, formally making an arrest, without more, does not implicate a Fourth Amendment violation. Because Plaintiff fails to state a claim they participated in or caused constitutional violations, Defendants Magana and Almanza should be dismissed from the complaint entirely.

**Lt. Dougherty and Lt. Costello** are pled in similar manners. First, in ¶ 26, Plaintiff alleges the lieutenants arrested him on August 28, 2020, but neither officer appears in Plaintiff's list of arresting officers in ¶ 287. Plaintiff provides no factual basis for why he believes the lieutenants were involved in his arrest or how the lieutenants were involved in his arrest. The only additional mention of Lt. Dougherty in Plaintiff's Complaint is ¶ 288 where Plaintiff states, without substance or elaboration, that Lt. Dougherty approved probable cause of Officer Nunez's arrest report. The only additional mention of Lt. Costello in Plaintiff's Complaint is ¶ 293 where Plaintiff states, without

---

[4] *Trout v. Frega*, 926 F. Supp. 117, 120-121 (N.D. Ill., 1996) (mere presence at the scene of an arrest does not give rise to individual defendant liability). *Perkins v. Flossmoor Police Dept.*, 2015 WL 5321263, at *7 (N.D. Ill., 2015) (mere presence at the scene of an unlawful arrest or participation in a criminal investigation in some ancillary role was insufficient evidence the officers played a significant role in causing the prosecution).

substance or elaboration, that Lt. Costello granted approval to formally file first degree murder charges. Because Plaintiff fails to state a claim they participated in or caused constitutional violations, Defendants Costello and Dougherty should be dismissed from the complaint entirely.

**Detectives Potter and Evangelides** are pled in similar manners. In ¶ 26 and ¶ 287, Plaintiff generically states the Detectives formally arrested him, without any factual elaboration other than it was without physical evidence or a confession. Plaintiff does not plead any facts indicating what role Potter and Evangelides had in the arrest and as established above, formally making an arrest, without more, does not implicate a Fourth Amendment violation. To the extent that Plaintiff argues in ¶ 283-285 that Detective Evangelides was trying to force him to confess, or that Evangelides claimed to have incriminating evidence that he did not possess, Plaintiff has not made a claim of error. It is not unlawful for a police officer to attempt to obtain a confession from a suspect, nor is it unlawful for the officer to use deception (although no concession is being made deception was utilized). Plaintiff's allegations against Detective Evangelides are based on conduct that is not unlawful. It was not unlawful for Evangelides to question Plaintiff (and for that matter, it was not unlawful for Detectives Potter and Reiff to simply be present for his questioning, *see* ¶ 279-281) and for them to express disbelief at Plaintiff's answers. Compl. ¶ 283. Accordingly, because Plaintiff fails to state a claim Detectives Potter and Evangelides participated in or caused constitutional violations with respect to his arrest, they should be dismissed from Count Four.

**Detectives Kociolek, LaPadula, Brownley, Reiff, Sgt. Roney and Sgt. Perez** are pled in similar manners. First, in ¶ 26 Plaintiff alleges the six detectives arrested him on August 28, 2020, but in ¶ 287, Plaintiff provides a different list of officers who arrested him, and in that list only Perez and Reiff reappear. Plaintiff does not plead any facts indicating what role each officer had in the arrest, how those actions were unlawful and as established, a formal arrest, without more, does not implicate a Fourth Amendment violation.

Plaintiff's only additional claims against Sgt. Perez are in ¶ 274 and ¶ 277 where Plaintiff alleges that on August 28, 2020, Perez asked him to come to the station to answer questions and transported him from his home to the station. Plaintiff concedes that he consented to voluntarily go to the station to answer questions. Compl. ¶ 275. Plaintiff fails to state a claim Sgt. Perez participated in or caused constitutional violations, he should be dismissed from the complaint entirely.

Similarly, Plaintiff is scant with details against Detective Kociolek – he is only mentioned again in ¶ 243 and ¶ 245 where Plaintiff states that Kociolek "began an initial investigation, interviewing potential witnesses, requesting video footage, and taking other investigative steps" and that over the next few days, "Defendants Evangelides, Kociolek, and other CPD officers interviewed various members of the victim's family…girlfriend and other friends or acquaintances who had been with the victim earlier in the evening." There are no constitutional violations alleged in these statements; accordingly, Detective Kociolek should be dismissed from this Complaint entirely.

Mention of Defendant Detective LaPadula is only found in ¶ 291: "Defendant Detectives…continued to investigate the case after Mr. Williams' arrest, seeking to obtain approval to file murder charges against Mr. Williams. During this post-arrest period, they did not find evidence to implicate him in the crime. Defendant LaPadula reinterviewed the Medical Examiner who confirmed again that the fatal gunshot did not come from close range." Plaintiff does not state a cause of action against Detective LaPadula in ¶ 291 as there is *no allegation of him withholding exculpatory evidence* and there is no requirement that any single fact with exculpatory value negates probable cause. Because the phrase "close range" is vague, Plaintiff has not even established this statement is exculpatory. Accordingly, Detective LaPadula should be dismissed from this Complaint entirely.

Plaintiff's only additional allegation against Detective Brownley is found in ¶ 251 where Plaintiff claims that Brownley, an Area One Technology Center Detective, "gave Defendant Evangelides a copy of…The ShotSpotter Report…" Compl. ¶ 251. Detective Brownley's act of merely

providing a ShotSpotter print-out does not implicate any constitutional violation. Plaintiff does not attempt to make a connection between Detective Brownley and the investigation beyond the physical transfer of this report. As such, Detective Brownley should be dismissed from this Complaint entirely.

Additional allegations against Detective Reiff are also insufficient to state a claim of a constitutional violation. In ¶ 291, Plaintiff states that Detective Reiff continued to investigate the case after Plaintiff's arrest. Plaintiff does not state any constitutional violations arising from Detective Reiff's continued investigation; in fact, he does not state anything substantive at all. Next, in ¶ 279-281, Plaintiff states that Detectives Evangelides, Potter, and Reiff questioned him without *Miranda* warnings and later transferred him to a holding cell equipped with a video tape recording device, which was switched on and Plaintiff was then provided *Miranda* warnings and questioned. Compl. ¶ 279-281. Plaintiff does not allege any coercion or any other constitutional violation on the part of any of the officers during the questioning. He makes no claim of a *Miranda* violation and certainly, one does not exist where Plaintiff pleads that he went to the police station voluntarily to answer questions. Compl. ¶ 275-276; *Vega v. Tekoh*, 2022 WL 2251304 (June 23, 2022) (there is no independent claim for the alleged violation of a *Miranda* right). Additionally, Plaintiff states he did not believe he was under arrest, so clearly there was no custodial interrogation requiring *Miranda*. *Id*. When officers discovered Plaintiff's answers differed from their evidence, they provided *Miranda* admonitions, as Plaintiff acknowledges, on camera. Compl. ¶ 280-281, 283. Plaintiff has not pled a constitutional violation where he does not allege he was in custody at any point prior to when he was provided *Miranda* warnings nor does he allege he provided any incriminating statements prior to *Miranda*. Accordingly, Plaintiff fails to state a claim against Detective Reiff and he should be dismissed from the Complaint.

Sgt. Roney should be dismissed from the Complaint where the only additional allegation is he assigned Detective Evangelides to follow up on Plaintiff's case. Compl. ¶ 244.

In sum, Count Four's failure to identify the individual officers' personal, meaningful involvement in the arrest should result in the dismissal of all the Williams Individual Defendants from Count Four. Furthermore, given that the complaint plausibly alleges no other unlawful conduct by Defendants Merkel, Maresso, DeJesus, Aloisio, Dougherty, Costello, Magana, Almanza, Kociolek, LaPadula, Brownley, Reiff, Roney and Perez, they should be dismissed from the lawsuit entirely.

## II.    PLAINTIFF WILLIAMS' UNLAWFUL SEIZURE CLAIM IN COUNT IV SHOULD BE DISMISSED FOR FAILURE TO ADEQUATELY STATE A CLAIM.

Count Four alleges that Plaintiff Williams, based on the use of ShotSpotter, was detained and arrested without reasonable suspicion or probable cause. Compl. ¶ 568-569. This claim should be dismissed because it is vague and relies on improper group pleading (*see supra,* Section I). Additionally, the allegation the ShotSpotter data was unreliable lacks plausibility where Plaintiff's account of the shooting corroborates the ShotSpotter data. (*See infra,* Section XV).  Plaintiff has pled himself out of court where he establishes ShotSpotter's reliability. ShotSpotter cannot independently identify a shooter, it can only provide data as to how many rounds were fired, what they sounded like, where and when they were fired (and in this case, ShotSpotter's accuracy as to these points is bolstered by Plaintiff's own narrative). *See* Compl. ¶ 70-91. Thus, there is no plausibility to Plaintiff's claim that ShotSpotter, or the video footage, exclusively provided the basis for establishing probable cause to arrest and charge him.[5] The ShotSpotter report indicated the shot did not come from inside the car (thus that could not have been what officers relied upon to arrest Plaintiff). Compl. ¶ 269. And since Plaintiff does not address any rationale other than ShotSpotter to support his unlawful seizure claim, it follows that if there is no plausible allegation ShotSpotter was inaccurate, then there is no basis for Plaintiff's claim. Count Four should be dismissed.

---

[5] In ¶ 269 Plaintiff asserts "Neither the ShotSpotter Report nor the video footage demonstrated that the shot was fired from inside Mr. Williams' car. Neither were sufficient to supply probable cause of that theory of the crime." Yet, there is no reason to believe officers only relied on the report or footage (both of which were accurate per Plaintiff's own narrative) in a vacuum to supply probable cause.

III.  **PLAINTIFF WILLIAMS' UNLAWFUL SEIZURE CLAIM IN COUNT V BASED ON LEGAL PROCESS WITHOUT PROBABLE CAUSE SHOULD BE DISMISSED FOR FAILURE TO PROPERLY STATE A CLAIM.**

Count Five alleges an unlawful seizure pursuant to legal process where Defendant Officers falsely arrested and imprisoned Plaintiff Williams. Compl. ¶ 573. This claim should be dismissed because it is vague (*see supra* Section I), duplicative of other claims, and fails to state a claim. Count Five's allegation of unlawful seizure pursuant to legal process without probable cause (Compl. ¶ 573) should be dismissed as it is duplicative of Count Four's claim of arrest without probable cause (Compl. ¶ 568), and Count Six's claim of malicious prosecution (Compl. ¶ 579). One count may be dismissed as duplicative of another where "the parties, claims, facts and requested relief are substantially the same." *Van Vliet v. Cole Taylor Bank,* 2011 WL 148059, at *2 (N.D. Ill., 2011).

Essentially, Plaintiff is asserting that the same set of facts which led to his arrest without probable cause in Count Four, led to his arrest without probable cause in Count Five, but he repackages the claim by adding that the conduct was "pursuant to legal process." However, this is a distinction without a difference. Moreover, Plaintiff's malicious prosecution claim in Count Six is also based on the same set of facts as his unlawful seizure claim in Count Five, namely the defendant officers' Grand Jury and probable cause hearing testimony. Plaintiff provides no distinction between his theories of unlawful seizure pursuant to legal process and malicious prosecution. Indeed, the terms are used interchangeably. *See Thompson v. Clark,* 142 S. Ct. 1332, 1337 (2022).

Count Five should also be dismissed because a judge and Grand Jury determined probable cause to detain and charge Plaintiff, not Defendant Officers, and specifically, not Detectives Evangelides and Potter. Compl. ¶ 298, 300. Plaintiff makes no plausible claim the evidence presented to the Grand Jury or to the hearing judge was fabricated or inaccurate, [6] simply that he believes it was

---

[6] Under *Briscoe v. LaHue*, 460 U.S. 325 (1983), plaintiffs cannot state a claim based on the allegations that Detectives Evangelides and Potter provided misleading information to the grand jury and at the probable cause hearing as such testimony has immunity. *See* Compl. ¶ 581, 606.

insufficient or incomplete.[7] But the absence of evidence is not grounds for a constitutional violation where it was up to the Judge or Grand Jury to determine what constitutes sufficient evidence to sustain probable cause. *U.S. v. Williams*, 112 S. Ct. 1735, 1746 (1992).

## IV. PLAINTIFF WILLIAMS' MALICIOUS PROSECUTION CLAIMS IN COUNTS VI AND X SHOULD BE DISMISSED AS THEY FAIL TO STATE A CLAIM.

Counts VI and X allege claims of malicious prosecution under federal and state law, respectively. Compl. ¶ 579-581, 604-607. These claims should be dismissed for failure to state a claim, improper group pleading, and because they make conclusory claims of malicious prosecution without pleading the personal involvement of defendant officers.[8] To prevail on a malicious prosecution claim, Plaintiff must prove that: (1) the defendants commenced or continued the criminal proceeding against him; (2) they did so with malice; (3) they lacked probable cause; (4) the proceeding terminated in his favor and (5) he suffered damages. *Swick v. Liautaud*, 169 Ill. 2d 504, 512-513 (1996). The absence of even one of these elements precludes plaintiff from prevailing on this claim. *Id.*

*The Element of Commencement and Continuation is Deficient.* Plaintiff has failed to adequately plead that Williams Defendant Officers commenced and continued the criminal proceeding where it was the Cook County State's Attorney's Office that obtained an indictment from the Grand Jury and initiated court proceedings. *See Spiegel v. Rabinovitz*, 121 F. 3d 251, 257 (7th Cir. 1997) (in Illinois, the State's Attorney is vested with exclusive discretion in the initiation and management of a criminal prosecution, including the determination of which charges will be brought). Additionally, there is no allegation of post-charging misconduct by Defendant Officers, Plaintiff

---

[7] Where there was a grand jury or judicial determination that probable cause existed for criminal charges, there is a presumption that reasonable grounds for the prosecution existed. *Coleman v. City of Peoria*, 925 F. 3d 336, 352 (7th Cir. 2019); *Lewis v. City of Chicago*, 914 F. 3d 472 (7th Cir. 2019).

[8] *See supra*, Section I argument regarding improper pleading. Defendant Officers Kociolek, Reiff, Roney, Perez, LaPadula, Brownley, Merkel, Marusso, DeJesus, Aloisio, Costello, Dougherty, Magana and Almanza should be dismissed from Counts Six and Ten as Plaintiff does not specify anywhere in his Complaint how these officers caused proceedings to be initiated against him wrongfully and maliciously; thus, there is inadequate notice.

explicitly states no evidence was obtained after his arrest. Compl. ¶ 291. Plaintiff does little more in his malicious prosecution count than blanketly state there was not probable cause. *See Treece v. Village of Naperville,* 903 F. Supp. 1251, 1258 (N.D. Ill., 1995) (complaint deficient where it provided no explanation how officers commenced or continued proceedings beyond that statement of the officers led to an overhear of her phone and her indictment. Officers had immunity for grand jury testimony and it could not provide the basis for a malicious prosecution claim).

In *Sneed v. Rybicki,* the court held plaintiff had pled only false arrest, not malicious prosecution, since for malicious prosecution, plaintiff needed to allege more than that he was arrested without probable cause and eventually convicted. *Sneed v. Rybicki,* 146 F. 3d 478, 481-82 (7th Cir. 1998). The Seventh Circuit found there were no allegations of police wrongdoing after the arrest- no evidence the detectives had given perjured testimony or falsified any evidence or withheld exculpatory evidence. *Id.* ("Prosecutors prosecute; police and detectives may participate in the prosecution, but they do not engineer the proceedings. Introducing a coerced confession into evidence may be a deprivation of due process, but we have no such allegations here.").

In *Reed v. City of Chicago*, 77 F. 3d 1049 (7th Cir. 1996), the plaintiff sued the City and its detectives for his allegedly unlawful confinement for approximately 23 months prior to his acquittal for first degree murder. The Court analyzed *Reed's* complaint as follows:

> Let's examine carefully the factual allegations in Reed's complaint. In particular, what is it that Reed alleges the defendants did? First, that his arrest and charge of murder were 'without probable cause.' Next, 'the basis for Plaintiff's subsequent continued incarceration [after the state court found probable cause at the *Gerstein* hearing] was without probable cause.' Then, that 'plaintiff was subsequently indicted for murder solely on the basis of the [detectives'] testimony and statements.' Finally, certain of the detectives 'testified at the hearing to quash the arrest.'…At bottom, we have an allegation that the defendants lacked probable cause to arrest Reed and charge him with murder. That is a claim for wrongful arrest…All that is left…is the detectives' testimony before the grand jury and at the hearing on the motion to quash. Reed did not allege that detectives gave perjured testimony at these hearings, merely that they 'testified.'…We fail to see how this is malicious prosecution…omissions are fatal to Reed's complaint.

*Id.* at 1053-54. The analysis in *Reed* is instructive in the instant case. Here, the malicious prosecution

claims are simply repackaged claims of arrest and charge of murder without probable cause. There is no claim of any additional acts that Defendant Officers participated in after Plaintiff's arrest and Grand Jury indictment. No claim of withholding exculpatory evidence or falsifying evidence.

In *Washington v. Summerville*, 127 F. 3d 552, 557 (7th Cir. 1997), the plaintiff attempted to distinguish his malicious prosecution claims from the *Reed* case by arguing that unlike *Reed,* he was alleging more than that detectives simply testified, but that they conspired to fill out false and incomplete reports, used incomplete evidence to charge, imprison, and prosecute him and that they gave false testimony at the grand jury and at his motion to suppress hearing by failing to mention his unlawful arrest and coerced confession. *Id.* at 559. The Seventh Circuit rejected this distinction holding these same allegations went to the heart of Washington's illegal arrest and excessive force claims and his "reliance on a malicious prosecution case is misplaced" where the defendant officers' role was in effectuating and maintaining a seizure, not initiating and pursuing a prosecution. *Id.* at 559-60.

Like the *Washington* plaintiff, Plaintiff Williams "has only refashioned his false arrest…claims under the guise of a federal malicious prosecution claim." *Id.* Moreover, Plaintiff does not plausibly allege that Detective Evangelides provided false testimony or lied to the Grand Jury. Because Plaintiff Williams has failed to plead Defendant Officers commenced or continued criminal proceedings against him, and because his malicious prosecution claim is redundant of his false arrest claims in Counts Four and Five, Count Ten should be dismissed.

***The Absence of Malice and the Illinois Tort Immunity Act Poses a Bar to Plaintiff's Malicious Prosecution Claim.*** Malice is defined as prosecution "for any reason other than to bring a party to justice." *Rodgers v. Peoples Gas, Light & Coke Co.,* 733 N.E. 2d 835, 842 (Ill. 2000). Plaintiff has provided no support for the proposition that Defendant Officers had any motive in their actions other than to investigate and solve the murder of the victim in good faith. Further, Plaintiff cannot make a malicious prosecution claim against Defendants because they are protected under the Illinois

13

Tort Immunity Act, which exempts police officers from civil liability unless their actions are considered "willful and wanton." 745 ILCS 10/1-202; *see McDowell v. Village Of Lansing*, 763 F. 3d 762, 768 (7th Cir. 2014) ("willful and wanton conduct…consists of more than mere inadvertence, incompetence, or unskillfulness."). Even when Plaintiff's allegations are taken as true, they are insufficient to plead a plausible cause of action that Defendant Officers acted willfully and wantonly.

*Plaintiff fails to establish Defendant Officers lacked Probable Cause.* Simply by repeating that officers lacked probable cause, Plaintiff has not pled that they in fact lacked it. The most reasonable conclusion after a reading of Plaintiff's complaint is that Defendant Officers followed the evidence in this case, and that evidence led to an honest and reasonable belief that Plaintiff was the shooter. On the other hand, the only corroboration for Plaintiff's account that he picked up a wandering stranger in the middle of the night, drove for a bit before being randomly and mysteriously targeted by a shooter in the car next to him, a shooter who fired a single bullet, unprovoked, into his car killing his passenger, is Plaintiff himself. While pleading standards are liberal, the facts in Plaintiff's case do not make a plausible argument Defendant Officers lacked probable cause.

Probable cause is an absolute bar to malicious prosecution and in his Complaint, Plaintiff has failed to plead that Defendant Officers lacked probable cause; thus, the claim must fall. *Schertz v. Waupaca County,* 875 F. 2d 578, 582 (7th Cir. 1989). And because probable cause supports Plaintiff's arrest and charging, Defendant Officers have qualified immunity against a lawsuit alleging malicious prosecution, as elaborated later in this brief. *See Fernandez v. Perez*, 937 F. 2d 368 (7th Cir. 1991) (no malicious prosecution where defendant officer entitled to qualified immunity on false arrest claim when he had probable cause to arrest).

*As it Relates to Count VI, The Dismissal of Charges via Nolle Is Not Indicative of Innocence.* A plaintiff cannot predicate his Illinois malicious prosecution action on underlying criminal proceedings which were terminated in a manner not indicative of the innocence of the

14

accused. *See Dobiecki v. Palacios,* 829 F. Supp. 229, 235 (N.D. Ill., 1993) (mere termination is insufficient to satisfy "favorable termination" element for purposes of an Illinois law malicious prosecution claim); *Swick v. Liautaud*, 169 Ill. 2d 504, 513-14 (1996) (bare entry of a *nolle prosequi* dismissing a criminal case insufficient to permit plaintiff to sue for malicious prosecution- the *nolle* must be entered for reasons consistent with innocence). Here, the Complaint fails to provide any factual detail to support that the State's *nolle* in Williams' case was indicative of innocence, beyond the self-serving conclusion he makes that the criminal proceeding was terminated based on the prosecution's determination the evidence did not support the charges against him. Compl. ¶ 582. However, it is clear from elsewhere in Plaintiff's complaint, that the State's *nolle* was *not* based on the belief Plaintiff was innocent. Instead, the Assistant State's Attorney moved to dismiss the charges after reiterating their prior decision not to use ShotSpotter evidence. Compl. ¶ 26, 305. If anything, the *nolle* was a product of the State's belief it could not use ShotSpotter evidence against Plaintiff, not because Plaintiff was innocent.[9] Notably, there was not an evidentiary hearing or court ruling barring the use of ShotSpotter in this case. Plaintiff has failed to establish a malicious prosecution claim under state law and Count X should be dismissed.

*Plaintiff has failed to state a malicious prosecution claim under § 1983.* A plaintiff must first demonstrate that he has satisfied the requirements of a state law malicious prosecution cause of action before he can satisfy a federal action.[10] *Washington,* 127 F. 3d at 558-59. Because Williams has not done that, and he has not stated a claim for a constitutional violation, his federal malicious prosecution claim (Count VI) should also be dismissed.

## V.    PLAINTIFF WILLIAMS' FEDERAL AND STATE LAW CONSPIRACY CLAIMS IN COUNTS VII AND XI SHOULD BE DISMISSED BECAUSE THEY FAIL TO STATE A CLAIM OF CONSPIRACY AND ARE FACIALLY DEFICIENT.

---

[9] It is well established the dismissal of charges based on the exclusion of evidence is not indicative of innocence. See *Treece,* 903 F. Supp. at 1258 (if a nolle is the product of a technical failure, it does not indicate innocence).
[10] The analysis of a federal malicious prosecution claim is essentially the same as one analyzed under Illinois law with the exception that Illinois requires that the charges were terminated in a manner indicative of innocence under *Swick* and federal law does not. *Thompson v. Clark*, 142 S. Ct. 1332, 1341 (2022).

### A. Failure to Adequately State a Claim

In Counts VII and XI of his Complaint, Plaintiff alleges Conspiracy to Deprive Plaintiff of his Constitutional Rights and State Conspiracy, respectively. Compl. ¶ 586-589, 615-617. Counts Seven and Eleven fail to state a claim under Rule 8(a) and *Twombly* as these allegations are vague and conclusory. *Iqbal*, 556 U.S. at 678 (complaint cannot simply provide labels and conclusions but must allow court to draw reasonable inference defendant is liable).

Plaintiff attempts to illustrate a conspiracy, but none of the recycled arguments from his allegations in Counts Four through Six qualify as a conspiracy. It is insufficient and conclusory to allege defendants took "concrete steps" to enter into an agreement and "committed specific overt acts" without any allegations of what the steps or acts were. There is a complete dearth of facts alleged to state a plausible Conspiracy claim under both State and Federal law. Counts Seven and Eleven engage in improper group pleading and do not contain sufficient factual matter, even if accepted as true, to rise above speculation and allow this Court to infer that any of the defendant officers are liable for the Conspiracy violations alleged, as required by law. (*See supra,* Section I).

Plaintiff fails to specify how any of the defendant officers acted in concert to accomplish an unlawful action. Because the complaint provides no information allowing Defendants to prepare their defense, or for the court to determine whether Plaintiff has a tenable theory or basis for his claims, they should be dismissed. *See Dickman v. Office of the State's Attorney of Cook County*, 2018 WL 1377907, at *10 (N.D. Ill., 2018) (dismissing conspiracy claim where plaintiffs only made "conclusory statement" that defendants "conspired and combined" together); *Briscoe*, 663 F. 2d at 723 (even under generous pleading standards, conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss); *Tarkowski v. Bartlett Realty Co.,* 644 F. 2d 1204, 1208 (7th Cir. 1980) ("even a pro se litigant is required to allege something in the way of facts before his allegations of

conspiracy may be deemed to state a claim…mere conjecture that there has been a conspiracy is not enough…Plaintiffs did not sufficiently plead the existence of a conspiracy.").

### B. Intra-corporate Conspiracy Doctrine

Moreover, even if Plaintiff was able to state a specific claim of conspiracy, such claims are barred as a matter of law by the intra-corporate conspiracy doctrine where "employees of the same company cannot be liable under a conspiracy theory if the employees act within the scope of their employment." *Haliw v. City of South Elgin*, 2020 WL 1304697, *9 (N.D. Ill., 2020) (internal citation omitted). The doctrine's underlying rationale is that employees working for a single entity cannot conspire with one another. *Id.* A recent decision, *Haliw,* applied the doctrine in dismissing §1983 claims brought against police officers on qualified immunity grounds. *See Id.* at *10. The same outcome is warranted here where Plaintiff's claim (or lack thereof) is premised on an alleged conspiracy amongst the Officer Defendants from the same municipal police department.

### C. Failure to Plead Conspiracy under § 1983

Count Seven should be dismissed because Plaintiff has failed to plausibly allege the existence of any conspiracy. A civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means." *Scherer v. Balkema*, 840 F. 2d 437, 441 (7th Cir.1988). To establish a *prima facie* case of conspiracy, a plaintiff must show that (1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance of that agreement actually deprived him of those rights. *Id.* at 442. Conspiracy allegations are held to a higher standard than other claims. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009). A "mere suspicion" defendants engaged in conspiracy is insufficient to overcome a motion to dismiss. *Id.*

Plaintiff has failed to adequately plead an underlying cause of action for conspiracy. *See Coleman v. City of Peoria*, 925 F. 3d 336, 351 (7th Cir. 2019); *Reynolds v. Jamison,* 488 F. 3d 756,764 (7th Cir. 2007)

(§1983 conspiracy claim cannot be maintained without an underlying violation of constitutional rights). As established in the previous section, Plaintiff's allegations are vague and conclusory. Plaintiff simply re-hashes his previous implausible arguments regarding the unreliability of ShotSpotter and his claim that his arrest and charging were not supported by probable cause. Plaintiff has failed to establish an underlying cause of action, and therefore, is unable to establish an agreement to pursue that cause of action. There is no factual allegation in the Complaint about any agreement reached amongst the Defendant Officers. No claim of a meeting or memo or other indication of an agreement, let alone overt acts in furtherance of that agreement. Legal conclusions are insufficient to provide adequate notice of the basis of Plaintiff's claims to Defendants. Accordingly, Count Seven should be dismissed.

### D.  Failure to Plead Conspiracy under State Law

Plaintiff's State law conspiracy claim in Count Eleven fails for three reasons. First, the claims are based on underlying causes of action that are not cognizable, for the reasons stated above. *See Siegel v. Shell Oil Co.*, 656 F. Supp. 2d 825, 836 (N.D. Ill., 2009) ("Under Illinois law…civil conspiracy is not an independent tort. Instead, there must be an independent cause of action underlying a plaintiff's conspiracy claim") (internal citation omitted). Second, even if these claims were legally viable, they should be dismissed as duplicative of Plaintiff's other state law claims. Under Illinois law, civil conspiracy involves two or more persons who combine for the purpose of accomplishing by concerted action either (1) a lawful purpose by unlawful means, or (2) an unlawful purpose by lawful means (3) in the furtherance of which one of the conspirators committed an overt tortious or unlawful act. *Redelmann v. Claire Sprayway, Inc.*, 375 Ill. App. 3d 912, 923 (1st Dist., 2007). If a plaintiff alleges "a tort as the underlying wrongful act" for a state law conspiracy claim, and the underlying tort is already pled in the case, the civil conspiracy claim is duplicative. *Chartwell Studio, Inc. v. Team Impressions, Inc.*, 2020 WL 4053752, at *9 (N.D. Ill., 2020); *Murphy v. City of Chicago*, 2015 WL 1746554 (N.D. Ill., 2015) (state conspiracy claims duplicative where they are based on the same underlying facts as the alleged torts).

Here, Plaintiffs allege underlying state law claims, including malicious prosecution (Count Ten) where the same claim of arrest and charging without probable cause is the basis of the malicious prosecution claim. Plaintiff's state law conspiracy claim does not allege any additional facts or actors than the underlying tort, rendering it duplicative. *Mission Measurement Corp. v. Blackbaud, Inc.*, 287 F. Supp. 3d 691, 725-26 (N.D. Ill., 2017) (claims duplicative where "Plaintiff fails to allege new facts not already alleged in the underlying tort claims nor seeks to extend liability to additional defendants.").

Third, Plaintiff's state law conspiracy claim suffers the same pleading defects as his federal claim, as it fails to allege any plausible facts beyond conclusory allegations that all defendants conspired with one another. As such, Plaintiff's conspiracy claim cannot survive this Motion to Dismiss. The "mere characterization of a combination of acts as a conspiracy is insufficient to withstand a motion to dismiss.'" *Redelmann*, 375 Ill. App. 3d at 923. *See also Fritz v. Johnston*, 209 Ill. 2d 302, 318, (2004) (explaining that a complaint "must contain more than the conclusion that there was a conspiracy, it must allege specific facts from which the existence of a conspiracy may properly be inferred"). Because the complaint provides *no* details regarding any agreement between the officers– when any agreement occurred, what it entailed, or what specific steps were taken in furtherance of the agreement, and because the claim is duplicative, and alleges conspiracy within the same organization, Counts Seven and Eleven should be dismissed.

## VI. PLAINTIFF WILLIAMS' SUPERVISORY LIABILITY CLAIM, COUNT VIII SHOULD BE DISMISSED WHERE IT IS NOT ALLEGED SUPERVISORS WERE PERSONALLY INVOLVED IN UNLAWFUL CONDUCT OF SUBORDINATES.

In Count Eight, Plaintiff alleges that Lieutenants Dougherty and Costello were the proximate cause of a violation of his constitutional rights through their deliberate indifference or recklessness where they were personally involved in the arrest, charging, and prolonged detention of Plaintiff, as well as the CPD's review of his case. Compl. ¶ 593-596. Count Eight should be dismissed where Plaintiff has failed to plausibly allege that either Lieutenants Dougherty or Costello had personal

involvement in any unconstitutional conduct of their subordinates. Additionally, where there was probable cause for the subordinate officers to arrest Plaintiff, there can be no supervisory liability.

For a supervisor to be liable for the conduct of a subordinate, they must be "personally responsible for the deprivation of the constitutional right." *Matthews v. City of East St. Louis*, 675 F. 3d 703, 706 (7th Cir. 2012) (internal citation omitted). The doctrine of *respondeat superior* is inapplicable. To show personal involvement, the supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Id.* at 706. Supervisors who are simply negligent in failing to detect and prevent subordinate misconduct are not personally involved. Proof of negligence or even gross negligence is insufficient to impose liability. *Mayes v. City of Hammond, Ind.*, 442 F. Supp. 2d 587, 634 (N.D. Ind. 2006); *Jones v. City of Chi.*, 856 F. 2d 985, 992–93 (7th Cir.1988) (supervisors must act either knowingly or with deliberate, reckless indifference).

A supervisor may be held liable for failing to supervise or train subordinate officers only when such a failure constitutes deliberate indifference. *See City of Canton v. Harris,* 489 U.S. 378, 388 (1989); *Ross v. Town of Austin, Ind.,* 343 F. 3d 915, 918 (7th Cir. 2003). Deliberate indifference may be found if a supervisor fails to act in the face of actual or constructive notice such that the failure to act will likely result in a constitutional deprivation. *Ross,* 343 F. 3d at 918.

Here, Plaintiff has failed to plead that Lieutenants Dougherty or Costello had any personal involvement, action, or notice of any unconstitutional conduct by their subordinates. Plaintiff's allegation in ¶ 594 that the lieutenants were personally involved in his arrest is belied by his own complaint wherein he does not include them in his list of arresting officers. Compl. ¶ 287. Plaintiff's only other mention of the lieutenants is to say that Lieutenant Costello granted approval for formal charges against Plaintiff and Lieutenant Dougherty approved probable cause of the arrest report. ¶ 288, 293. This is insufficient to establish supervisory liability. *See Wilbon v. Plovanich,* 67 F. Supp. 3d

927 (N.D. Ill., 2014) (officers who processed paperwork resulting in plaintiff's criminal complaint, did not cause or participate in arrest and could not be liable for alleged §1983 claims).

In *Lopez v. Vidljinovic*, the plaintiff alleged the defendant watch commander was amenable to suit because he approved the arresting officer's use of force report. *Lopez v. Vidljinovic*, 2016 WL 4429639, at *3 (N.D. Ill., 2016). The watch commander was not present at the scene of the incident. *Id.* The *Lopez* court noted the Seventh Circuit has declined to extend supervisory liability to cover defendants who are not present at the alleged unconstitutional violation. *Id.* They went on to state that at most, plaintiff presented evidence on which a reasonable factfinder could possibly infer the watch commander was negligent in approving the report, however proof of even gross negligence is insufficient. *Id.*

Analogously, Plaintiff Williams has not provided any plausible facts that Lieutenants Costello or Dougherty were present for his arrest or participated in his investigation. Plaintiff provides no factual allegations that the supervising officers had any knowledge of improper conduct when they approved the report and charges, or that they participated in any improper conduct. Plaintiff's allegations the defendant supervisors were deliberately indifferent and "knew or should have known of their subordinates' unconstitutional actions" are conclusory, vague, and insufficient. Moreover, as established in this motion, Plaintiff has failed to plausibly allege that defendant officers did not have probable cause to arrest and charge him. Therefore, there can be no supervisory liability. Because Lieutenants Costello and Dougherty had no personal involvement in any deprivation of Plaintiff's constitutional rights, and because there was no deprivation of Plaintiff's constitutional rights, Count Eight should be dismissed.

## VII. COUNT IX SHOULD BE DISMISSED WHERE PLAINTIFF WILLIAMS HAS FAILED TO ADEQUATELY PLEAD FAILURE TO INTERVENE.

Plaintiff's Failure to Intervene claim in Count Nine should be dismissed where Plaintiff fails

21

to adequately state a claim and where, there is no failure to intervene because there is no constitutional violation. Count Nine fails to state a claim under Rule 8(a) and *Twombly* as the allegation contained in the complaint is vague and conclusory, i.e. "one or more of the Williams Defendant Officers stood by without intervening to prevent the violation of Plaintiff Williams' constitutional rights, even though they had the duty and reasonable opportunity to do so." Compl. ¶ 599. As detailed *supra* in Section I, the Northern District has consistently held these sorts of bald allegations and group pleading fail to satisfy pleading requirements.

In *Barnhouse v. City of Muncie,* the Court found the plaintiff's failure to intervene claim was based entirely on the allegation that during "the constitutional violations described herein, one or more of the Defendants stood by without intervening to prevent the violation of Plaintiff's constitutional rights, even though they had the opportunity to do so." *Barnhouse v. City of Muncie,* 499 F. Supp. 3d 578, 598 (S.D. Ind., 2020). The Court held this "classic threadbare, formulaic recitation of the elements of a claim" was insufficient factual support for the claim and dismissed the failure to intervene count. *Id.*

Count Nine should be dismissed with respect to all individual defendants as the claim is vague, general, and without any specific factual allegations of when, where or how any one of the defendants failed to intervene. The Complaint does not provide notice to any defendant as to any constitutional violation they may have had a reasonable opportunity to prevent. *See Beaman v. Souk*, 2011 WL 832506, at *12 (C.D. Ill., 2011) (failure to intervene claim dismissed because a "conclusory statement" not tying a factual allegation to any particular defendant is "not entitled to weight.").

Next, Plaintiff fails to plead the elements of a Failure to Intervene claim. An officer who is present and fails to intervene to prevent other law enforcement officers from infringing on the constitutional rights of citizens is liable under §1983 if he had reason to know that any constitutional violation had been committed by a law enforcement official *and* the officer had a realistic opportunity

to intervene to prevent the harm from occurring. *Yang v. Hardin*, 37 F. 3d 282, 285 (7th Cir. 1994). Not only does Williams fail to clarify in Count Nine which constitutional violation had occurred, he fails to provide a plausible allegation for how any of the defendants had a realistic opportunity to intervene. Liability cannot be imputed to the group without some allegation that all defendant officers were present for, or aware of, the constitutional violations Plaintiff maintains occurred.

Additionally, a failure to intervene claim fails if this Court rules that any of Plaintiff's underlying constitutional claims fail. *See, Harper v. Albert*, 400 F. 3d 1052, 1064 (7th Cir. 2005). Here, plaintiff has failed to establish an underlying constitutional violation to which defendant officers failed to intervene. Finally, Plaintiff has also failed to allege what constitutional amendment the failure to intervene claim itself is based upon. *See Neita v. City of Chicago,* 2019 WL 5682838, at *4 (N.D. Ill., 2019) (A §1983 claim must be rooted in a constitutional violation). In his recent concurrence in *Mwangangi v. Nielsen,* Judge Easterbrook examined the lack of an underlying constitutional basis for a failure to intervene claim stating, "What statute or constitutional rule requires one employee of the government to stop another from making a mistake?" *Mwangangi v. Nielsen*, 48 F. 4th 816, 834 (7th Cir. 2022). It is well-established that §1983 only supports individual liability claims arising from direct personal involvement and cannot be vicarious or based on a theory of *respondeat superior. Trout v. Frega*, 926 F. Supp. 117, 120 (N.D. Ill., 1996); *Ashcroft,* 556 U.S. at 676–77. An individual defendant cannot be held liable in a §1983 action unless he caused or participated in the alleged constitutional deprivation. *Id.* How then, is a failure to intervene claim not analogous with vicarious liability– as Judge Easterbrook stated in his *Mwangangi* concurrence, "if, however, all [that the officers sued for failure to intervene] did was stand by while [defendant officer] Root made an arrest, then what Mwangangi seeks is vicarious liability." *Mwangangi*, 48 F. 4th at 834.

While there are plentiful decisions where reviewing courts have ruled law enforcement officers must intervene in the unlawful conduct of their colleagues, the cases do not examine where this duty

comes from, especially in light of the *Iqbal* decision. The constitutional basis for a failure to intervene claim should not rest on a foregone conclusion which has no basis for the conclusion. As in *Mwangangi,* the claims of the Plaintiffs in this case rest largely on the Fourth Amendment, but the same cannot be true of the failure to intervene claim, which draws no support from the Fourth Amendment.

Plaintiff's claim is factually deficient because it is unclear who the officers were who failed to intervene, what specific conduct they failed to intervene in, whether they were even present for the unlawful conduct, or if they had been present, whether they would have had an opportunity to intervene in the conduct. Additionally, Plaintiff's claim fails to define *what* constitutional provision the failure to intervene claim is based upon. Accordingly, Count Nine should be dismissed.

## VIII. PLAINTIFF WILLIAMS' IIED CLAIM (COUNT XII) SHOULD BE DISMISSED WHERE IT IS TIME BARRED, INSUFFICIENTLY PLED & WITHOUT MERIT.

In Count Twelve, Plaintiff alleges a state law claim, Intentional Infliction of Emotional Distress (IIED). Compl. ¶ 621-624. Plaintiff makes various allegations as to the emotional distress he suffered, although notably, a considerable portion of his claims are aimed at his treatment while in the Cook County Jail (not a named defendant in this matter). Compl. ¶ 322-339. Plaintiff's IIED claim should be dismissed because it is time barred, insufficiently pled, and without merit.

The IIED claim is governed by a one-year statute of limitations. 745 ILCS 10/8-101 (West 2014). An IIED claim based upon a plaintiff's arrest and prosecution accrues on the date of arrest. *Bridewell v. Eberle*, 730 F. 3d. 672, 678 (7th Cir. 2013). Plaintiff was arrested on August 28, 2020 and he filed his initial Complaint almost two years later on July 21, 2022. Compl. ¶ 26, Dkt. 1. Accordingly, his IIED claim is time barred. *See Stubbs v. City of Chicago,* 2022 WL 2915645, *10 (N.D. Ill., 2022) (IIED claims based on arrest accrue day of arrest, even where distress alleged is "inextricably intertwined" with claim for malicious prosecution).

Finally, even if the IIED claim was not time bared and vague (*see supra,* Section I), it should be dismissed because Plaintiff has failed to plausibly allege the Defendant Officers engaged in "extreme

24

and outrageous" conduct necessary to prevail on this claim. *See Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 269 (2003). As demonstrated above, there was at least arguable probable cause for Plaintiff Williams' arrest. Therefore, the "extreme and outrageous" element of the IIED claim is absent. *See Honaker v. Smith*, 256 F. 3d 477, 491 (7th Cir. 2001) (included in the recognition that greater latitude is given to a defendant pursuing a reasonable objective are legal authorities who assertively carry out their enforcement duties); *Gross v. Chapman*, 475 F. Supp. 3d 858, 864 (N.D. Ill., 2020); *Carr v. Village of Richmond*, 1996 WL 663921, at *9 (N.D. Ill., 1996) (when IIED claim arises from abuse of police power, "there must be allegations of more than a misuse of police authority to support a claim of extreme and outrageous behavior."). Accordingly, Count Twelve should be dismissed.

### *Plaintiff Daniel Ortiz*

**IX.     COUNT XIV SHOULD BE DISMISSED BECAUSE IT FAILS TO SUFFICIENTLY STATE A CLAIM DEFENDANT OFFICERS POWAR AND MATIAS DID NOT HAVE REASONABLE ARTICULABLE SUSPICION.**

Plaintiff Ortiz alleges a *Terry* stop and frisk violation occurred when he was stopped, detained, questioned and patted down without reasonable articulable suspicion. Compl. ¶ 631. Even under liberal pleading standards, Plaintiff has failed to establish a claim under the Fourth Amendment. As set forth above, a pleading must set forth sufficient facts to raise the possibility of relief beyond a speculative level. See *Twombly*, 127 S. Ct. at 1964-65.

Plaintiff Ortiz alleges he was standing in a parking lot when Defendant Officers Powar and Matias responded to a ShotSpotter alert. Compl. ¶ 357. Plaintiff alleges Officer Powar began shouting questions to him regarding the shooting and when he walked away, Officer Powar grabbed his arm, handcuffed, patted down and detained him. Compl. ¶ 361-67. Plaintiff alleges after he was handcuffed, Officer Powar took the car keys out of his pocket and searched his vehicle. Compl. ¶ 383. Plaintiff made an admission to possessing marijuana in his vehicle while the car was being searched. Compl. ¶ 383-84. Plaintiff concludes that the ShotSpotter alert was the only reason Officers Powar and Matias

targeted him to stop, question and frisk. Compl. ¶ 377, 405. However, Plaintiff pleads no support for this accusation that the reason he was detained was the ShotSpotter alert, and not his evasive behavior or any other observations the officers may have made, such as the odor of cannabis (which Plaintiff concedes was recovered from his vehicle). Plaintiff provides few facts about what happened between the officers' dispatch and his seizure. Count Fourteen indicates that the only thing the ShotSpotter alert was responsible for, was the deployment of the officers. Therefore, Count Fourteen is vague, implausible and should be dismissed for failure to state a claim.

## X. THE CLAIMS FOR FAILURE TO INTERVENE, COUNT XV, AND CONSPIRACY, COUNT XVI, SHOULD BE DISMISSED WHERE PLAINTIFF ORTIZ HAS FAILED TO ADEQUATELY PLEAD EITHER CLAIM.

In Count Fifteen, Plaintiff Ortiz alleges Defendant Officers failed to intervene against the violation of his constitutional rights, even though they had a duty and reasonable opportunity to do so. Compl. ¶ 637-638. Count Fifteen should be dismissed where Plaintiff fails to adequately state a claim for relief and where there is no failure to intervene without an underlying constitutional violation. Count Sixteen's conspiracy claim should be dismissed for the same reasons the conspiracy claim brought by Plaintiff Williams should be dismissed. (*See supra,* Section V).

Like the *Barnhouse* plaintiff,[11] Plaintiff Ortiz fails to adequately plead the elements of a Failure to Intervene claim. Count Fifteen should be dismissed as the allegations are conclusory and without any specific factual claims of when, where or how any one of the defendant officers failed to intervene. There are two Defendant Officers sued in Plaintiff's lawsuit. Plaintiff alleges Officers Powar and Matias searched and detained him in violation of the Fourth Amendment. Thus, if they are the primary actors, they cannot fail to intervene **in their own** conduct. *Thompson v. Village of Monee,* 2013 WL 3337801, at *13 (N.D. Ill., 2013) (failure to intervene claim dismissed where officer could not intervene

---

[11] *See supra,* Failure to Intervene discussion under Plaintiff Williams, Section VII, incorporated herein.

in his own conduct); *Flint v. City of Milwaukee*, 91 F. Supp. 3d 1032, 1063 (E.D. Wis., 2015) ("An officer cannot intervene in his own constitutional violation."). Finally, a failure to intervene in alleged misconduct fails if this Court rules that any of Plaintiff's underlying constitutional claims fail. *See, Harper,* 400 F. 3d at 1064. Here, Plaintiff Ortiz has failed to establish an underlying constitutional violation to which defendant officers failed to intervene. Therefore, Plaintiff's Failure to Intervene claim in Count Fifteen should be dismissed. Similarly, the Conspiracy claim asserted in Count Sixteen should also be dismissed as it is vague, conclusory and lacks an underlying constitutional violation.

### *Plaintiff Derick Scruggs*

**XI.    TO THE EXTENT THE FALSE SEIZURE ALLEGATIONS IN COUNT XVIII ARE DUPLICATIVE OF COUNT XVII, THOSE ALLEGATIONS SHOULD BE DISMISSED. FURTHER, PLAINTIFF SCRUGGS' COMPLAINT ESTABLISHES OFFICERS HAD PROBABLE CAUSE TO ARREST HIM; THEREFORE, COUNT XVIII SHOULD BE DISMISSED.**

In Count Eighteen, Plaintiff Scruggs alleges that on July 18, 2022, and July 19, 2022, Defendant Officers violated his rights to be free from unreasonable search and seizure by "detaining, searching, seizing, and arresting [him] pursuant to a ShotSpotter alert without probable cause." Compl. ¶ 655. Count Eighteen should be dismissed in its entirety for three reasons. First, Plaintiff's allegations in Count Eighteen that he was detained and searched without probable cause are based on conduct that only requires reasonable articulable suspicion; thus, Plaintiff has not pled a plausible claim for relief. Second, Plaintiff alleged the same illegal conduct supported his claim in Count Eighteen as he did in Count Seventeen; accordingly, Count Eighteen is duplicative. Third, Plaintiff's remaining claim in Count Eighteen that he was arrested without probable cause is meritless.

Plaintiff's claim in Count Eighteen that he was detained and searched without probable cause, based on alleged illegal conduct which only requires reasonable suspicion, is facially deficient where it inaccurately states the applicable legal standard to its cause of action. Probable cause is not necessary for police to conduct an investigatory stop that is limited in scope and executed by reasonable

means. *Terry v. Ohio,* 392 U.S. 1, 18–20 (1968). Pursuant to *Terry* and cases that follow it, police may initiate an investigatory stop when the officer has reasonable suspicion that a crime may be afoot. *Id.* at 30. Reasonable suspicion is more than a hunch but less than probable cause and "considerably less than preponderance of the evidence." *Illinois v. Wardlow,* 528 U.S. 119, 123 (2000). It requires "some minimal level of objective justification for making a stop." *U.S. v. Sokolow,* 490 U.S. 1, 7 (1989); *U.S. v. Arvizu,* 534 U.S. 266, 277 (2002) ("A determination that reasonable suspicion exists…need not rule out the possibility of innocent conduct").

Plaintiff alleges that when Defendant Officers Legorreta and Andrews responded to the parking lot of an AutoZone pursuant to a ShotSpotter alert, observed Plaintiff standing outside the location of the alert, and observed that Plaintiff was in possession of a firearm, they needed probable cause to temporarily detain him to conduct an investigation. Compl. ¶ 413, 415, 419, 655. The facts Plaintiff alleges in his complaint- that he was already stopped, standing outside in a public space, when officers who did not display their firearms approached him to ask questions, and then temporarily detained him to investigate, is conduct which requires reasonable articulable suspicion, not probable cause.[12] Indeed, Plaintiff himself asserts that these same actions were conducted without reasonable suspicion in Count Seventeen. Compl. ¶ 649.

Next, Count Eighteen should also be dismissed because it is based on conduct identical to the conduct alleged as the basis of Count Seventeen. In Count Eighteen, Plaintiff alleges defendant officers violated his rights by "detaining, searching, seizing, and arresting [him] pursuant to a ShotSpotter alert without probable cause." Compl. ¶ 655. With the exception of Plaintiff's allegation that he was arrested without probable cause, the remainder of Count Eighteen is duplicative of Plaintiff's allegations in Count Seventeen. *See* Compl. ¶ 649. In *Estate of Keys v. City of Harvey*, the

---

[12] *See People v. Luedemann*, 222 Ill. 2d 530, 552 (2006) (police may approach an already stopped person in a public place and ask questions of that person without that encounter being labeled a seizure).

plaintiffs alleged violations of the decedent's Fourth and Fourteenth Amendment rights, with counts one and two both premised on the same act of the shooting of the decedent. *Estate of Keys v. City of Harvey*, 1993 WL 243359 *3 (N.D. Ill., 1993). When dismissing the duplicative count, the Court held that "Counts One and Two are essentially the same. The same facts alleged to support Count One are said to support Count Two. Both Counts appear to be premised on the shooting of Keys…" *Id. See also Barrow v. Blouin*, 38 F. Supp. 3d 916, 920 (N.D. Ill., 2014) (A claim is duplicative if the parties, facts, and requested relief do not significantly differ); *Mission Measurement Corp. v. Blackbaud, Inc.*, 287 F. Supp. 3d 691, 725-26 (N.D. Ill., 2017) (claims should be dismissed as duplicative where "Plaintiff fails to allege new facts not already alleged in the underlying tort claims nor seeks to extend liability to additional defendants."); *DeGeer v. Gillis*, 707 F. Supp. 2d 784, 795 (N.D. Ill., 2010) (dismissal proper where duplicative counts are "based on the same operative facts and the same injury"). Because Plaintiff's claims in Count Eighteen involve the same operative facts and allege the same injury as Count Seventeen, Count Eighteen should be dismissed.

In the alternative, if Count Eighteen is not dismissed in its entirety, Defendant Officers Keckley and her partner "Jane Doe" specifically, should be dismissed from Count Eighteen, and the complaint generally, as Plaintiff has not adequately pled any constitutional violations they committed. Plaintiff pleads that Officer Keckley and her partner were transport officers, who arrived on scene July 18, 2022, after Plaintiff was already allegedly unlawfully detained. Compl. ¶ 445. The two officers were not present when Plaintiff was arrested on July 19, 2022. Compl. ¶ 462. Plaintiff's only mention of their actions in his entire complaint is to say they, at another officer's request, placed Plaintiff in the back of their vehicle and remained with him while other officers completed their investigation.[13] Compl. ¶ 446, 449. The remaining mention of Officer Keckley is an allegation she made a statement

---

[13] *See Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673 (7th Cir. 2007) (officers are entitled to rely on information from an officer and make an arrest on that basis); *Wilbon v. Plovanich*, 67 F.Supp.3d 927 (N.D. Ill., 2014).

that an attempt charge would be dropped. Compl. ¶ 455. Thus, Plaintiff ascribes no unlawful conduct or personal involvement to Officer Keckley or her partner, failing to meet even lenient factual pleading and notice requirements. As such, Defendants should be dismissed from the Complaint.

The remaining allegation in Count Eighteen, that Plaintiff was arrested without probable cause, is inadequately pled and should be dismissed. Plaintiff again pleads inconsistencies in his complaint where he acknowledges he was in violation of Illinois law by failing to carry on his person the requisite documentation for carrying a firearm at work (PERC card and firearm control card), and for having an expired PERC card (Compl. ¶ 479, 482, 488-490), but Plaintiff essentially argues that a) other people have not been arrested for this violation, so either should he and, b) that it was just a small violation, so it should not provide the basis for an arrest. Compl. ¶ 490-492. The first argument is facially without merit. The second argument is contrary to law. As the Illinois Supreme Court found in *People v. Fitzpatrick,* where it upheld an arrest for jaywalking, it is lawful for police to make arrests for petty offenses. *People v. Fitzpatrick,* 2013 IL 113449 (Ill.,2013), ¶ 28 (arrest for a minor, fine-only offense is not unreasonable under the Fourth Amendment). Plaintiff provides no plausible facts to support the allegation that defendant officers did not have probable cause to arrest him for a violation of 225 ILCS 447/45-50-A-1 for the crime of unlicensed practice by a private security contractor (a Class A misdemeanor punishable by up to a year in jail). Compl. ¶ 489. What is left is a conclusory statement that Plaintiff was arrested without probable cause, devoid of any facts to provide notice as to the basis for that conclusion. As such, Plaintiff has pled himself out of court with respect to his arrest where contrary to his assertion that his arrest was based on ShotSpotter (Compl. ¶ 493), Plaintiff also pleads he was arrested for a registration violation (Compl. ¶ 479, 488), which he does not dispute he committed. Compl. ¶ 482, 490. *See Massey v. Merrill Lynch & Co.,* 464 F. 3d 642, 650 (7th Cir. 2006) (A party may plead itself out of court by pleading facts establishing impenetrable defense to its claims).

Plaintiff frames his arrest as "pre-textual" however, there is no constitutional violation for a pre-textual arrest, there is only an arrest which is, or is not, supported by probable cause. If probable cause exists, the purpose of law enforcement officers in making the arrest is irrelevant.[14]

Finally, to the extent that Plaintiff indicates the arrest on July 19, 2022, was based on an unlawful detention on July 18, 2022, he appears to be making a fruit of the poisonous tree argument, which does not apply to civil cases.[15] Based on the foregoing, Count Eighteen should be dismissed.

## XII. COUNT XIX SHOULD BE DISMISSED WHERE PLAINTIFF SCRUGGS HAS FAILED TO ADEQUATELY PLEAD A FAILURE TO INTERVENE.

In Count Nineteen, Plaintiff alleges that Scruggs Defendant Officers failed to intervene against the violation of his constitutional rights. Compl. ¶ 660. Count Nineteen should be dismissed where Plaintiff fails to adequately state a claim for relief and where there is no failure to intervene without a constitutional violation. Like the *Barnhouse* plaintiff, Plaintiff Scruggs fails to adequately plead the elements of a Failure to Intervene claim. [16] Count Nineteen should be dismissed as the allegations are vague and without any specific factual claims of when, where or how any one of the defendant officers failed to intervene. There are four individual officers sued in Plaintiff's lawsuit. Plaintiff alleges Officer Legorreta and his partner Officer Andrews searched, detained and arrested him in violation of the Fourth Amendment. Thus, if they are the primary actors, **they cannot intervene in their own conduct**. *Thompson,* 2013 WL 3337801, at *13 (failure to intervene claim dismissed where officer could not intervene in his own conduct). And as established in Section XI *supra*, Officers Keckley and her partner "Jane Doe" arrived after Plaintiff had already been detained on July 18, 2022 and were not

---

[14] *See Whren v. United States,* 517 U.S. 806, 806 (1996) ("[T]his Court's cases foreclose the argument that ulterior motives can invalidate police conduct justified on the basis of probable cause."); *United States v. Murray,* 89 F. 3d 459, 461 (7th Cir.1996) ("Ulterior motives do not invalidate a [otherwise valid] police stop for a traffic violation, no matter how minor…That is the law, and the time for debating whether it is correct…has passed.").

[15] *See Williams v. Carroll,* 2010 WL 5463362, at *4 (N.D. Ill., 2010) (lack of probable cause to stop and search does not extinguish probable cause to arrest, where the fruit of the poisonous tree doctrine is not available to assist a § 1983 claimant).

[16] *See supra,* Failure to Intervene discussion under Plaintiff Williams, Section VII, incorporated herein.

present when Plaintiff was arrested on July 19, 2022. Compl. ¶ 445-446, 462. Finally, Plaintiff has failed to establish an underlying constitutional violation to which defendant officers failed to intervene *See, Harper,* 400 F. 3d at 1064. Therefore, Count Nineteen should be dismissed.

## XIII. PLAINTIFF SCRUGGS' FEDERAL AND STATE LAW CONSPIRACY CLAIMS IN COUNTS XX AND XXII SHOULD BE DISMISSED BECAUSE THEY FAIL TO STATE A CLAIM OF CONSPIRACY AND THEY ARE FACIALLY DEFICIENT.

In Counts Twenty and Twenty-Two, Plaintiff Scruggs makes a §1983 and state law claim of Conspiracy. Compl. ¶ 665-667, 679-681. Plaintiff's conspiracy claims should be dismissed where he does nothing more than give the label "conspiracy" to counts containing vague allegations that all defendant officers conspired with one another, took concrete steps to enter into an agreement and committed specific over acts, without stating what those acts were or what facts indicate there was an agreement. For the same reasons elaborated *supra* in Plaintiff Williams' case and incorporated herein (*see* Section V), Plaintiff Scruggs has failed to plausibly allege the existence of a conspiracy under §1983 or state law where he has not pled adequate facts indicating an agreement was reached by Individual Defendant Officers to deprive him of his rights. That the officers were working together in the investigation, or that they are partners, is insufficient to establish they were working in concert– indeed if those facts were sufficient, then there would be no limit to what constitutes a conspiracy, as police officers nearly always work in tandem with other officers. Because the claim has no underlying cause of action, is duplicative (of Count XXI, False Arrest) and provides *no* details regarding an agreement between the officers- when an agreement occurred, what it entailed, or what specific steps were taken in furtherance of the agreement, and because it alleges conspiracy within the same organization, Counts Twenty and Twenty-Two must be dismissed for failure to adequately state a claim.

## XIV. PLAINTIFF SCRUGGS' STATE LAW CLAIM IN COUNT XXI FOR FALSE ARREST SHOULD BE DISMISSED BECAUSE THERE WAS PROBABLE CAUSE FOR HIS ARREST.

In Count Twenty-One, Plaintiff alleges a state law claim of false arrest and imprisonment, arguing the Scruggs Defendants Officers restrained or arrested Plaintiff outside the AutoZone parking lot on July 18 and July 19, 2022, and did so without reasonable grounds to believe that he had committed an offense. Compl. ¶ 672. Count Twenty-One should be dismissed where Plaintiff has failed to adequately state facts sufficient to plead a claim for false arrest.

In Illinois the existence of probable cause to arrest defeats any claim for false arrest or false imprisonment. *Patterson v. Burge,* 328 F. Supp. 2d 878, 899 (N.D. Ill., 2004). Plaintiff's state law claim of false arrest (distinct from his claim of false imprisonment), is facially deficient where Plaintiff fails to plead any facts to support a false arrest. Plaintiff's complaint acknowledges that he was not in possession of the requisite documentation for possession of a handgun at work, and that his PERC card was expired. Compl. ¶ 479, 482, 488-490. Accordingly, Plaintiff has pled himself out of court for his false arrest claim in Count Twenty-One. *See Massey,* 464 F. 3d at 650 (A party may plead itself out of court by pleading facts that establish an impenetrable defense to claims). Finally, Defendant Officer Keckley and "Jane Doe" should be dismissed from Plaintiff's false arrest and false imprisonment claim where they were not present for Plaintiff's arrest on July 19, 2022, and they arrived on scene after Plaintiff was already seized on July 18, 2022, Compl. ¶ 445, 462.

*All Defendants*

## XV.   INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ON ALL CLAIMS BASED ON THEIR RELIANCE ON SHOTSPOTTER.

All individual plaintiffs allege they were falsely arrested based on the use of ShotSpotter technology.[17] *See, e.g.,* Compl. ¶ 568-569. These claims should be dismissed because the facts alleged

---

[17] All Plaintiffs' claims of 14th Amendment violations should be stricken where they are unsupported and the allegations only support Fourth Amendment violations. *See Angara v. City of Chicago*, 897 F. Supp. 355, 358-359 (N.D. Ill., 1995) (dismissing 14th Amendment claim as "superfluous" where the allegations "clearly fall under the Fourth Amendment"); *McWilliams v. City of Chicago*, 2022 WL 135428, at *1 (7th Cir. 2022) (all claims of unlawful pretrial detention, before or after start of legal process, arise under the Fourth Amendment).

in the Amended Complaint establish that all the Individual Defendants' reliance on the technology was reasonable. Alternatively, Individual Defendants are entitled to qualified immunity.[18]

Plaintiff Williams alleges his arrest was based on a "faulty" ShotSpotter report and Defendants should have known the report was inaccurate. Compl. ¶ 8. This allegation lacks plausibility where the Complaint actually bolsters the ShotSpotter report's accuracy. Plaintiff alleges the shooting occurred a few minutes after 11:40 PM. ¶ 229, 234. Corroborating this, Plaintiff states that ShotSpotter registered the shot at 11:46 PM. Compl. ¶ 251. The location information provided by ShotSpotter is also consistent with Plaintiff's own statement regarding where the shooting occurred- Plaintiff pleads ShotSpotter indicated there was a single shot fired near the intersection of E. 63rd Street and S. Stony Island Avenue, Compl. ¶ 251, and Plaintiff alleges he was driving north on S. Stony Island Avenue when a bullet came through the car's window and he subsequently ran through the intersection at E. 63rd street. Compl. ¶ 234, 238. Plaintiff also alleges the Williams Defendant Officers "improperly determined that the noise identified in the ShotSpotter Report was a gunshot[.]" Compl. ¶ 261. There is no plausibility to Plaintiff's characterization of the override as "unreliable" where Plaintiff agrees a shooting occurred at the location ShotSpotter alerted, not fireworks. Compl. ¶ 234, 236, 251, 269.

What Plaintiff is actually contesting is not the location or time of the shooting, but the accuracy of the identification of him as the shooter. The problem is, ShotSpotter did not provide identification data to the defendant officers. Plaintiff's narrative bolsters the accuracy of the ShotSpotter report in the areas of information the apparatus actually provides, thus, Plaintiff cannot plausibly assert it was erroneous for Defendant Officers to rely on the same information he confirms was accurate.

In the cases of Ortiz and Scruggs, Defendant Officers were simply dispatched to a location based on a ShotSpotter alert– there is no claim that they could have ignored the dispatch. Furthermore,

---

[18] The doctrine of qualified immunity shields police officers from liability under §1983 when they perform their duties reasonably. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

as Plaintiffs acknowledge, ShotSpotter technology is used nationwide by numerous law enforcement agencies. Compl. ¶ 56-59. Plaintiffs do not allege ShotSpotter has been held unconstitutional as applied or unreliable by any court of law giving Individual Defendants notice not to use the technology. Accordingly, the allegations in the Amended Complaint establish that it was reasonable for Individual Defendants to rely on the ShotSpotter technology as part of the totality of the circumstances that established arguable probable cause. They are entitled to qualified immunity.

<u>**CONCLUSION**</u>

Plaintiffs' Complaint must be dismissed as it is self-contradictory, baseless, vague, and conclusory. It drags twenty-one officers into an omnibus lawsuit, ostensibly by naming any officer with their name on a report, but then fails to connect the officers to the constitutional violations alleged. Even under a liberal pleading standard, Plaintiffs fail to sufficiently plead specific causes of action to survive a motion to dismiss. Based on the foregoing, the Amended Complaint should be dismissed.

Dated: January 13, 2023

Respectfully submitted,

*s/ Neha Locke (Att. #6303984)*
Shneur Z. Nathan (snathan@nklawllp.com)
Avi Kamionski (akamionski@nklawllp.com)
Neha Locke (nlocke@nklawllp.com)
Helen O'Shaughnessy (helen@nklawllp.com)
NATHAN & KAMIONSKI, LLP
33 W. Monroe St., Suite 1830
Chicago, IL 60603
(312) 612-1955

*Attorneys for Individual Officer Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned attorney, hereby certify that I electronically filed the forgoing document with the Court's CM/ECF system on the date stamped on the above margin and the system caused an electronic copy to be sent to all counsel of record.

<i>s/ Neha Locke</i>