UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS, *et al.*, | ) | |
| | ) | No. 22 CV 3773 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | March 27, 2023 |
| Defendants. | ) | |

**AGREED QUALIFIED HIPAA**
**and MHDDCA PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), the Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 and 42 U.S.C., and 45 C.F.R. §§ 160 & 164, the parties to this action have together represented the following to the court, and the court finds that:

A. The following words and terms are defined for purposes of this agreed, qualified protective order:

1. "Parties" shall mean Plaintiffs and Defendants and any additional party that this court may subsequently recognize as subject to this qualified protective order. This order would extend to all attorneys and insurers representing the Parties.

2. "HIPAA" shall mean the Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 and 42 U.S.C. (2002).

3. "MHDDCA" shall mean Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1-17.

4. "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2000).

5. "PHI" shall mean protected health information, as that term is used in HIPAA and the Privacy Standards. "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identified the individual or which reasonably could be expected to identify the individual.

6. "Mental Health Communication" shall mean "communication" as that term is defined in MHDDCA.

7. "Mental Health Record" shall mean "record" as that term is defined in MHDDCA.

B. The Parties are familiar with HIPAA, MHDDCA, and the Privacy Standards.

C. The Parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit PHI, Mental Health Communication, and/or Mental Health Records of parties, third parties, and non-parties to other parties, third parties and non-parties.

D. Without waiving any possible objections to disclosure under Federal Rules of Civil Procedure 26 or 45, including with respect to the potential relevance

and proportionality of any request for disclosure, the Parties agree to the following terms and conditions:

1. The Parties agree to assist each other in the release of PHI, Mental Health Communication, and/or Mental Health Records by waiving all notice requirements that would otherwise be necessary under HIPAA, MHDDCA, and the Privacy Standards.

2. The Parties either seek or agree to the release of PHI, Mental Health Communication, and/or Mental Health Records specifically for, but not limited to, the following individuals, from the covered entity or entities identified in interrogatory answers, supplementary disclosures, deposition testimony, or other discovery tools.

- Michael Williams
- Daniel Ortiz
- Derick Scruggs
- Members of any Class or Sub-Class in this action
- Safarian Herring

3. The Parties agree not to use or disclose the PHI, Mental Health Communication, and/or Mental Health Records released in this proceeding in any other proceeding or for any purpose other than this litigation. However, for purposes of this litigation, counsel for the parties may disclose PHI, Mental Health Communication, and/or Mental Health Records to the court and its support staff, the parties, attorneys of record, the attorneys' firms (i.e., attorneys, support staff and

consultants), the parties' insurers, experts, consultants, court reporters, videographers, and copy services as necessary to the litigation and subject to paragraph D.7 below.

4. If counsel for a party wishes to file PHI, Mental Health Communication, and/or Mental Health Records with the court, it must be submitted with a motion for filing under seal in compliance with the Local Rules. No party shall file PHI, Mental Health Communication, and/or Mental Health Records or other confidential material under seal without first having obtained an order granting leave to file under seal on a showing of particularized need.

5. Any party may file a pleading or document with the court that describes, summarizes, quotes, or contains health information PHI, Mental Health Communication, and/or Mental Health Records, as long as such material, in context, cannot be identified to a particular person and so long as the party omits or redacts identifying data of the person to whom the information pertains. Parties may use records containing PHI at trial or an evidentiary hearing, including but not limited to introducing them into evidence and asking a witness about their contents. If a party moves a document containing PHI into evidence and wants it to be a part of the record, the court shall appropriately instruct the clerk on how to handle such documents.

6. The Parties agree to store all PHI, Mental Health Communication, and/or Mental Health Records while it is in their possession according to the Privacy Standards and MHDDCA.

7. Prior to disclosing PHI, Mental Health Communication, and/or Mental Health Records to persons involved in this action, the parties and their attorneys shall take reasonable steps to ensure that such persons do not use or disclose the PHI, Mental Health Communication, and/or Mental Health Records for any purpose other than this litigation. This shall include, but not to be limited to, informing each such person that PHI, Mental Health Communication, and/or Mental Health Records may not be used or disclosed for any purpose other than this litigation and providing them a copy of this order.

8. The Parties agree that within 60 days of the termination of this proceeding they will return all PHI, Mental Health Communication, and/or Mental Health Records obtained during the course of this proceeding to the attorney representing the person whose PHI, Mental Health Communication, and/or Mental Health Records was released during the course of this proceeding, and/or to dispose of the PHI, Mental Health Communication, and/or Mental Health Records released during the course of this proceeding pursuant to the Privacy Standards, MHDDCA, and/or all applicable State and Federal statutes and regulations. For purposes of this order, the conclusion of these proceedings shall mean the point at which this litigation is fully concluded, including by settlement or final order by the trial court ending the case, the conclusion of any appeals and proceedings on remand, the expiration of time for any party to seek further appellate review, or whenever a period of enforcement, determined by a settlement agreement or court order, terminate.

9. If a Party learns that, by inadvertence or otherwise, a Party, any of its agents, or any person to whom disclosure has been made pursuant to paragraphs D.3 and D.7 of this order, has disclosed PHI, Mental Health Communication, and/or Mental Health Records to any person or in any circumstance not authorized under this order, the Receiving Party must, not later than 15 calendar days after learning of the disclosure, (a) notify in writing the Disclosing Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the information, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this order.

E. Nothing in this protective order shall be deemed a waiver of the right of any party to object to a request for discovery on the basis of relevance, materiality, privilege, overbreadth, undue burden or expense, or any other recognized objection to discovery or subpoena.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**