IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| Michael Williams, Lucy Parsons Labs, Daniel Ortiz, and Derick Scruggs, on behalf of himself and a class of similarly situated people, <br><br> Plaintiffs, <br><br> v. <br><br> City of Chicago, et al., <br><br> Defendants. | Case No. 22-cv-3773 <br><br> Hon. Lindsay C. Jenkins <br><br> Magistrate Judge Young B. Kim |

## JOINT STATUS REPORT

The parties, by and through their undersigned counsel, submit the following Joint Status Report in accordance with this Court's Order of January 23, 2023 (Dkt. 59), stating as follows:

### I. STATUS OF WRITTEN DISCOVERY CONFERRAL

The parties engaged in a conference on Friday March, 31, 2023, which resulted in several agreements and clarified certain disputed positions. At the conclusion of the meeting, Plaintiffs agreed to provide a written statement memorializing and/or clarifying their position on the issues raised by Plaintiffs during the meet and confer conference. Plaintiff expect to provide this statement by April 7, 2023 or April 10, 2023 at the latest. The parties' positions, as well as outstanding disputes, are summarized below.

The exhibits used in this Joint Status Report are as follows:

1. Plaintiff Williams' First Interrogatories;
2. Plaintiff Williams' First Requests for Production;
3. Plaintiff Scruggs' First Interrogatories;
4. Plaintiff Scruggs' First Requests for Production;

5. Plaintiff Ortiz's First Interrogatories;

6. Plaintiff Ortiz's First Requests for Production;

7. Defendant Evangelides Responses to Williams' First Interrogatories[1];

8. Defendant City's Responses to Williams' First Requests for Production;

9. Defendant Andrews' Responses to Scruggs' First Interrogatories;

10. Defendant City's Responses to Scruggs' First Requests for Production;

11. Defendant Powar's Responses to Ortiz's First Interrogatories;

12. Defendant City's Responses to Ortiz's First Interrogatories;

13. **Plaintiff Michael Williams' Interrogatory Responses**

14. **Plaintiff Daniel Ortiz's Response to Defendant Powar's First Set of Interrogatories**

15. **Plaintiff Derick Scruggs' Response to Defendant Legorreta's First Set of Interrogatories**

II.     PROPOSED ESI AGREEMENT

The City's responses to certain of Plaintiffs' Requests for Production state that the City will produce responsive, non-privileged documents pursuant to a formal ESI protocol. At this time, the parties have not agreed upon search terms for responsive documents such as emails. Due to the potential burdens—time and expense—of ESI discovery, a well-tailored search protocol is critical to proceeding with ESI discovery. During the March 31, 2023 meet and confer, Plaintiffs' counsel agreed to send the City a formal proposed ESI protocol. Plaintiffs' counsel is currently in the process of researching ESI protocols used with the City in similar cases and they plan to have

---

[1] Given the large number of Defendants to this action, Exhibits 7, 9, and 11 are attached as representative examples of the three sets of individual defendant officers' responses to avoid the necessity of attaching dozens of Exhibits to this filing.

a draft ESI protocol to Defendants by April 14, 2022. The parties will then seek to negotiate an agreed upon ESI protocol.

### III. PROTECTIVE ORDER

The parties have discussed a confidentiality protective order, and largely agree on its contents. The parties are continuing to address their outstanding issues related to the confidentiality order. In the event that the parties cannot reach an agreement, they will present their respective position to the Court in a joint submission on or before April 18, 2023.

### IV. THRESHOLD DISCOVERY ISSUES

**Form of Production**:

Defendants initially produced documents in the form of individually numbered .tiff files. After conferral, Defendants agreed to and produced PDF versions of these documents. The parties are engaged in negotiations regarding form of production going forward, including the need for native productions that retain metadata.

**Lack of Specificity with Regard to Documents Produced**:

Plaintiffs' Position:

Many of the City's responses to Plaintiffs' Requests for Production reference the production of an unspecified set of documents at an unspecified time in the future. Defendants have produced thousands of responsive records to date, but these productions—absent further detail about their place within the broader universe of responsive records that exist—does not allow Plaintiffs an understanding of what the City ultimately intends to produce or withhold, threatening to delay the progression of this matter should staggered productions without additional detail continue.

Defendant City's Position:

In response to Plaintiffs' contention, the City has provided further information related to its productions of documents and sent Plaintiffs two reports containing information detailing the title of each document, its bates ranges, confidential designation, where appropriate, and the related issue designation (i.e. Williams, Ortiz, Scruggs, ShotSpotter). Additionally, the City's initial responses addressed the fluid nature of the discovery production, including the need to establish an ESI protocol, search terms and proposed custodians. Once the parties agree on the ESI protocol, the City will be able to determine the universe of responsive and relevant documents in the case, as well as a projected date for completing its production of documents, and what, if any, documents will be withholding.

**Privilege Issues:**

Plaintiffs and the City have each disclosed privilege logs, which have raised a few issues that the parties are working through.

Adequacy of the Privilege Log: Defendants requested that Plaintiffs revise their privilege logs to include more details (including the name and capacity of each individual from whom or to whom a withheld or redacted document was sent, the type of the document and a more detailed description of the subject matter) to enable Defendants to assess the applicability of the privilege asserted. Plaintiff agrees to confer further on this matter.

Common Interest Privilege: Defendants have asserted a common interest privilege with regard to a document—a Detailed Forensic Report—provided to counsel for the City by ShotSpotter, Inc. pursuant to a Common Interest Agreement. Plaintiffs have requested additional detail about the nature of the asserted privilege, which the City understands will be clarified in the statement that plaintiffs will be providing by April 7 or 10, 2023.

Joint Defense Privilege: Plaintiffs have withheld certain documents related to the Williams matter

asserting a joint defense and/or attorney-client privilege with the Office of the Public Defender related to their communications. Defendants request additional detail about the nature of the asserted privileges. Plaintiff agrees to confer further on this matter.

**Defendant Roney's Interrogatory Answers**: Defendant Roney is retired from the Chicago Police Department and has not yet responded to interrogatories and requests for production that were due March 17, 2023. The parties do not know when Defendant Roney will answer. Counsel for Individual Defendants informed Plaintiff's counsel as to the scheduling issues with their client and asked for an extension citing the difficulties with respect to this client. This includes requesting an extension on March 15, 2023 (agreed to by Plaintiffs' counsel) and update on March 30, 2023 regarding continued issues. Counsel for Individual Defendants will continue to update Plaintiffs' counsel as to these efforts and will next update them on April 21, 2023.

**Operation of Stay as it Pertains to Certain Requests for Production**:

Plaintiffs' Position:

Plaintiffs requested documents related to the efficacy and operation of ShotSpotter as it was in use at the time of the incidents described in Plaintiffs' Complaint. Defendants, citing the Court's stay of *Monell* and injunctive discovery, declined to produce. Plaintiffs' requests are tailored to the reliability of ShotSpotter alerts as an investigatory and policing tool, which is relevant to their individual damages claims against the officers, which rest in part on an analysis of how ShotSpotter alerts were used, interpreted, and presented to and by the individual defendant officers in their interactions with the Plaintiffs. This item encompasses Williams' RFP No. 34-36, and Scruggs and Ortiz's RFP No. 31-34. Plaintiff understands concerns articulated by Defendants below and will continue to confer on the matter with Defendants.

Defendant City's Position:

Williams' RFP No. 36, Scruggs and Ortiz's RFP No. 31-34 fall within the *Monell* and ICRA stayed claims. By way of example, plaintiffs seek in RTP No. 32 "all documents in existence on or before April 19, 2021, that relate to testing, auditing, and/or validation of the ShotSpotter system …." This request far exceeds matters of relevance of the plaintiffs individual Section 1983 claims pending against the individual defendant officers. During the meet and confer, the City suggested that Plaintiffs narrow these general requests to encompass information about ShotSpotter reliability that each individual officer had knowledge about, as opposed to "all documents in existence" related to the reliability of ShotSpotter. As this is an important issue to the City due to its burden, expense and potential incursion on the current stay, if the Court deems necessary, the parties should brief this issue.

Individual Defendants' Position: The records at issue here do not relate to the claims against the Individual Defendants and therefore the Individual Defendants defer to Defendant City as to its position.

**Defendant Williams RFP Responses, Generally**:

Plaintiffs' Position:

Defendants have not made a complete production of documents pertaining to the underlying criminal investigation—much of the evidence Defendant Officers obtained during the criminal investigation (e.g., videos, phone records, etc.) are still outstanding.

Defendant City's Position:

The City disputes that much of the evidence in the Williams criminal investigation is outstanding, but recognizes that discovery and production on this issue is still ongoing. In an effort to expedite

6

the collection and production of documents, Plaintiffs notes that documents produced as WILLIAMS372-734 reference many CDs, DVDs, and other materials containing items including videos, recordings, and phone transcripts, materials which Plaintiff seeks copies of. The City and CPD are diligently working to collect all of the responsive documents requested by Plaintiffs and will produce them on a rolling basis.

Individual Defendants' Position: Individual Defendants do not possess the records sought by Plaintiffs generally and therefore defer to Defendant City's production.

**Redaction of Witness Contact Information**: Defendant City's production redacts contact information for witnesses interviewed or associated with the Williams investigation.

The City agrees to un-redact the following information: telephone numbers, address and year of birth, and will produce these documents as Confidential Information subject to the entry of the protective order in this case. The City maintains that social security numbers and specific dates of birth should be redacted.

### V. PLAINTIFF'S DISCOVERY ISSUES WITH DEFENDANTS' RESPONSES

**Officer Personnel Files: Plaintiff Williams RFP No. 13; Plaintiff Scruggs RFP No. 6; Plaintiff Ortiz RFP No. 6 (Requests are Exhibits 2, 4, 6; Responses are Exhibits 8, 10, 12)**

Plaintiffs' Position: These requests seek records of Defendant Officers' personnel files. Plaintiffs contend that these personnel files in police misconduct actions are squarely discoverable based on a wide body of law in this circuit and elsewhere. No personnel files have been produced to date.

Defendant City's Position: The City objected to Plaintiffs' requests to produce individual officers' complete personnel files as overly broad in time and scope, unduly burdensome, not proportional

to the needs of the case, because the burden and expense of the proposed discovery outweighs it likely benefit, and the discovery sought is not relevant to the claims and defenses at issue in the case. The City provided training history records and disciplinary histories for the individual officers. The City requests Plaintiffs to identify what additional aspects of the personnel files Plaintiffs' seeks that have not been produced. The City will then take the matter under consideration. If the parties are unable to reach an agreement, the parties can then present the appropriate motion to the court.

Individual Defendants' Position: These records are within the custody and control of Defendant City and therefore the Individual Defendants defer to Defendant City as its response. To the extent production is required, these records are highly personal and represent security issues for Defendant Officers and their families. As such, these records should be treated as confidential and marked as confidential consistent with the contemplated confidentiality order, once in place.

**Officer Disciplinary Histories and Records: Plaintiff Williams' RFP No. 14, 20-23, 27, 29, and 31; Plaintiff Scruggs' RFP No. 7, 14, 16, 17, 22, 24, 26; Plaintiff Ortiz's RFP No. 14, 16-17, 22, 24, 26 (Requests are Exhibits 2, 4, 6; Responses are Exhibits 8, 10, 12)**

Plaintiffs' Position: These requests seek disciplinary records for individual defendant officers. These records include Complaint Register ("CR") files, Summary Punishment Action Reports ("SPAR"), Non-Disciplinary Intervention ("NDI") records, and associated documents. Complaint and misconduct histories of officer defendants in police misconduct actions are squarely relevant and discoverable in police misconduct actions. Defendants have refused to produce records beyond CLEAR histories and complaint log summaries, but Plaintiffs do not accede to this narrowing of responsive records. Plaintiffs are willing to entertain narrowing these requests, particularly as they relate to CR files, based on time period and subject matter. For example, discipline related to minor

8

vehicular issues is not relevant, but Plaintiffs do require specific Complaint Register files containing evidence relevant for impeachment or FRE 404(b) purposes. The parties agreed as it pertains to CR files that Plaintiffs will review the produced summary lists of disciplinary infractions and indicate which records and on what time frame they seek further production. Plaintiffs, however, are unable to conduct such an examination as it pertains to SPAR and NDI files, which Plaintiffs understand to not be universally reflected on summary files provided to date.

Defendant City's Position: The City objected to Plaintiffs' requests to produce individual officers' complete disciplinary files as overly broad in time and scope, unduly burdensome, not proportional to the needs of the case, because the burden and expense of the proposed discovery outweighs it likely benefit, and the discovery sought is not relevant to the claims and defenses at issue in the case. The City produced disciplinary histories related to the individual defendant officers. The City maintains its objection to a blanket production of all disciplinary files, but agrees to consider specific requests for underlying disciplinary files and will respond upon receipt and consideration of such requests.

Individual Defendants' Position: These records are within the custody and control of Defendant City and therefore the Individual Defendants defer to Defendant City as its response. To the extent production is required, these records are highly personal and represent security issues for Defendant Officers and their families. As such, these records should be treated as confidential and marked as confidential consistent with the contemplated confidentiality order, once in place.

**Plaintiff Williams' Interrogatories No. 3 and 4; Plaintiff Scruggs' Interrogatory No. 1, 3; Plaintiff Ortiz Interrogatories' No. 6 and 10 (Requests are Exhibits 1, 3, 5; Responses are Exhibits 7, 9, 11)**

Plaintiffs' Position: Defendants objected to or declined to fully answer these interrogatories based

on the respective responding party's lack of personal knowledge of the subject and, during the conferral, directed Plaintiffs generally to arrest reports and other documents produced in their initial disclosures. Plaintiffs contend that the full extent of Defendant Officers' specific, actual personal knowledge is not necessarily reflected on police reports. Additionally, Plaintiffs believe based on case law in this district that Defendants have an obligation to produce information not only in their personal knowledge, but in the knowledge of attorneys and agents as well. Plaintiffs have agreed to examine and follow-up specifically with regard to Williams 3 and 4, in an effort to identify parties' involvement and streamline the case if possible by reducing or removing certain Defendants' involvement.

Individual Defendants' Position: The responses made by the Individual Defendants are not made by referencing documents, but include specific responses based on each Individual Defendant's personal knowledge or lack thereof given that many of the Individual Defendants had limited roles in relating to the incident. Individual Defendants stand on the sufficiency of their responses at this point in time, pending any further discussion with Plaintiff.

Defendant City's Position: Defendant City maintains that is responses are adequate and complete. The specifics to these interrogatories are directed to the personal knowledge of the individual defendant officers. Based on the discovery conference, the City understands that plaintiffs and the individual defendants are working through their issues on these interrogatories.

**Plaintiff Williams' RFP Nos. 16 and 37 (Requests are Exhibit 2; Responses are Exhibit 8)**

Plaintiffs' Position: Defendants withheld one or more responsive records on the basis of a common interest privilege. As noted above, Plaintiffs have requested more information regarding the nature of and parties to the agreement.

Defendant City's Position: The City withheld one responsive document, titled Detailed Forensic Report, pursuant to the common interest privilege with ShotSpotter. Based on a review of the Williams' production of documents, Plaintiffs already possesses a copy of the same document obtained from another source. The City agrees to provide the additional information in support of the asserted privilege.

**Plaintiff Williams' RFP No. 17 (Requests are Exhibit 2; Responses are Exhibit 8)**

Plaintiffs' Position: This request seeks RD numbers related to the homicide investigation of Safarian Herring. Plaintiff Williams is entitled to records relevant to his allegations and legal theory that another individual killed Mr. Herring.

Defendant City's Position: The City believes these documents relate to historical, unrelated arrests of Mr. Herring. Counsel for the City is currently in the process of obtaining more information related to this request and will further discuss this issue with plaintiffs.

**Plaintiff Scruggs' RFP No. 12 (Requests are Exhibit 4; Responses are Exhibit 10)**

Plaintiff's Position: This request seeks Defendant Officers' court calendars and their counsel have indicated that more junior officers do not keep physical logs of court dates, but rather they receive computer notifications that inform them of court dates. Plaintiffs seek, in the alternative from handwritten court calendars, the computer notifications that informed the individual defendants of upcoming court dates for the Plaintiffs' underlying criminal matters.

Defendant City's Position: The City is amenable to searching for the court notifications, but requests that Plaintiffs issue a request to produce documents to encompass the new request.

Individual Defendants' Position: Individual Defendants responded to this request that they do not

11

possess responsive documents, but offered, by way of example alternative ways to access potentially responsive information, but defers to the City as to response.

VI. **DEFENDANTS' DISCOVERY ISSUES WITH PLAINTIFFS' RESPONSES**

**Plaintiff Michael Williams' Interrogatory Responses #2 (Exhibit 13):** Individual Defendants requested supplemental response information relating to Williams' criminal backgrounds and convictions. Plaintiffs' objections and response are limited and do not apprise Defendants as to any convictions that relate to Plaintiffs' truthfulness. See Fed. R. Evid. 609. Plaintiff agreed to clarify his criminal convictions.

**Plaintiff Daniel Ortiz's Response to Defendant Powar's First Set of Interrogatories No. 2 (Exhibit 14):** Individual Defendants requested a complete response to Plaintiff's criminal background and convictions. Plaintiff Ortiz agreed to clarify his criminal convictions. See Fed. R. Evid. 609.

**Plaintiff Daniel Ortiz's Response to Defendant Powar's First Set of Interrogatories No. 4 (Exhibit 14):** Individual Defendant requested that Plaintiff Ortiz provide a summary of the contact he had with Rebecca Ortiz and Mario Serrano. Plaintiff Ortiz agrees to seek additional information to clarify this issue.

**Plaintiff Daniel Ortiz's Response to Defendant Powar's First Set of Interrogatories No. 10 (Exhibit 14):** Individual Defendant's requested the name and address of the provider who treated Plaintiff Ortiz's work place injury. Plaintiff Ortiz agrees to seek additional information to clarify

this issue.

**Plaintiff Derick Scruggs' Response to Defendant Legorreta's First Set of Interrogatories No. 3, 4 and 5 (Exhibit 15):** Individual Defendant's requested the phone numbers and addresses for the names witnesses provided by Plaintiff's Scruggs. Plaintiff agreed to supplement their responses with further contact information to the best of their client's knowledge.

**Plaintiff Derick Scruggs' Response to Defendant Legorreta's First Set of Interrogatories No. 10 (Exhibit 15):** Individual Defendants requested whether Plaintiff Scruggs suffered from any physical or psychological injuries prior to the alleged acts of the defendant. Plaintiff Scruggs only responded in the last 5 years. Individual Defendants requested a more thorough answer which encompasses any physical or psychological injuries in Defendant Scruggs lifetime as this is relevant to the damages claimed by Defendant. Plaintiff disagrees that Defendants are entitled to such broad discovery but will continue to confer with Defendants regarding a potential resolution.

**Witness identification:** Plaintiff Scruggs disclosed screen shots of texts messages with colleagues that relate to the underlying incident, but has failed to provide phone numbers for those witnesses. Plaintiff has agreed to supplement with that information.

## VII. STATUS OF THIRD PARTY SUBPOENAS

The parties have issued a number of third party subpoenas in furtherance of discovery in this matter.

Plaintiffs have issued the following document subpoenas: to the Cook County State's Attorney's Office on February 17, 2023; to ShotSpotter, Inc. on March 13, 2023; to Citizen d/b/a sp0n, Inc. on March 13, 2023; to the Cook County Medical Examiner on February 17, 2023, and

to the Illinois State Police on April 6, 2023. Plaintiff's counsel is in the process of conferring with counsel for the Cook County State's Attorney's Office, the Cook County Medical Examiner's Office, and ShotSpotter, Inc. about enforcement. Plaintiffs anticipates that additional third party subpoenas may be needed as investigation progresses.

Defendants have issued subpoenas to the Cook County Public Defender on Feb. 20, 2023; Cook County State's Attorney on Feb. 20, 2023; and Cook County Sheriff's Office on Feb. 20, 2023. Individual Defendants plan on issuing additional subpoenas for relevant medical records, and reserves the right to issue additional subpoenas as more information is disclosed and discovery progresses

## VIII. DEPOSITIONS

On March 10, 2023, Plaintiff noticed the depositions of all twenty-one Defendant Officers to take place in May 2023. Based on the City's discovery responses, however, it appears unlikely that the City will complete its production of Defendant Officers emails before the noticed dates and times. In addition, CCSAO reports that its response to Plaintiff's subpoena has been delayed because it could not find the responsive documents and as of April 5, 2023 its counsel still did not know how many responsive documents exist. Plaintiffs' counsel has asked CCSAO's counsel to provide a date by which it will provide responsive materials, and CCSAO indicated that records could be produced by May 5, 2023. Based on these delays in document production, Plaintiff will likely need to postpone the Defendant Officer depositions and potentially seek an extension of the current July 28, 2023 fact discovery cut-off.

Individual Defendants have confirmed depositions for ten Officers and continue to work to schedule the remainder. Based on the outstanding discovery, the complexity of ESI discovery, the number of Individual Defendant Officers depositions, the anticipated number of third-party

depositions, and Individual Defendants' Motion to Dismiss, which is under advisement of the Court, Individual Defendant Officers and City do not oppose an extension as Plaintiffs state above.

The parties propose the submission of a supplemental status report on the status of this issue as it relates to the fact discovery close cut-off in 30 days, on May 7, 2023.

Respectfully Submitted,

/s/*Daniel E. Massoglia*

Elizabeth Mazur
Hughes Socol Piers Resnick & Dym, Ltd.
70 W. Madison St., Suite 4000
Chicago, IL 60602
emazur@hsplegal.com

Alexa Van Brunt
Jonathan Manes
Roderick and Solange MacArthur Justice Center
375 E. Chicago Ave, 8th Floor
Chicago, IL 60611
a-vanbrunt@law.northwestern.edu
jonathan.manes@macarthurjustice.org

Daniel Massoglia
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
daniel@first-defense.org

*Attorneys for Plaintiffs*

| | |
|---|---|
| *s/ Helen C. O'Shaughnessy* | */s/ Michael P. Sheehan* |
| Shneur Z. Nathan (snathan@nklawllp.com) | Michael P. Sheehan |
| Avi Kamionski (akamionski@nklawllp.com) | Allan T. Slagel |
| Ashley Brody (abrody@nklawllp.com) | Barton O'Brien |
| Helen O'Shaughnessy (helen@nklawllp.com) | Ioana M. Guset |
| Neha Locke (nlocke@nklawllp.com) | Yeoeun C. Yoon |
| NATHAN & KAMIONSKI, LLP | TAFT STETTINIUS AND HOLLISTER LLP |
| 33 W. Monroe St., Suite 1830 | 111 East Wacker Drive, Suite 2600 |
| Chicago, IL 60603 | Chicago, Illinois 60601 |
| (312) 612-1955 | Telephone: (312) 527-4000 |
| | Facsimile: (312) 527-4011 |
| *Attorneys for Individual Officer Defendants* | Email: msheehan@taftlaw.com |
| | aslagel@taftlaw.com |
| | bobrien@taftlaw.com |
| | iguset@taftlaw.com |
| | yyoon@taftlaw.com |
| | |
| | *Attorneys for Defendant City of Chicago* |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served on all counsel of record on April 7, 2023 using the Court's CM/ECF system, which generates electronic notice to parties of record.

Respectfully submitted,

Daniel Massoglia

*One of Plaintiffs' Attorneys*

77026448v5