# EXHIBIT G

**Plaintiff Michael Williams' First Set of Requests for Production to Defendants City of Chicago and the Williams Defendant Officers**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MICHAEL WILLIAMS, *et al.*,

Plaintiffs,

v.

CITY OF CHICAGO, *et al.*,

Defendants.

Case No. 22-cv-3773

Judge Ronald A. Guzmán
Magistrate Judge Young B. Kim

**PLAINTIFF MICHAEL WILLIAMS' FIRST SET OF**
**REQUESTS FOR PRODUCTION TO DEFENDANTS**
**CITY OF CHICAGO AND THE WILLIAMS DEFENDANT OFFICERS**

Plaintiff Michael Williams propounds the following Requests for Production pursuant to Federal Rule of Civil Procedure 34 on Defendants City of Chicago and the Williams Defendant Officers (see Plaintiffs' First Amended Complaint ¶ 36) to be answered within 30 days:

**Definitions**

1. "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include but is not limited to any handwritten, typed, photographed, computerized, electronic, audio, video, or other graphical matter, regardless of how it is printed, stored or reproduced, in your possession, custody, or control, or known by you to exist, whether or not claimed to be privileged or otherwise excludable from discovery.

2. "Communication" includes any/all forms of communication, including, for example, letters, emails (and any attachments thereto), notes, text messages, voicemails, social media communications or the like.

1

3.      "Williams Defendant Officers" means Officers Nicholas Evangelides, Dale Potter Jr., Michael Kociolek, Scott Reiff, Brian Roney, Juan Perez, Marc Lapadula, Scott Brownley, Joseph Merkel, Carol Maresso, Nestor De Jesus, Salvatore Aloisio, Robert Costello, Michael Dougherty, David Magana, and Eduardo Almanza.

4.      "Defendant Officers" means all of the individually-named Defendants in this action.

5.      "Safarian Herring Homicide Investigation and Michael Williams Arrest/Detention" refers to each and every event described in the First Amended Complaint at paragraphs 6–9, 26, 36, 102, 225–348, 566–628, including but not limited to the shooting death of Safarian Herring on May 31, 2020; any actions taken to determine the cause or circumstances of and/or the person or persons responsible for the shooting incident that resulted in the death of Safarian Herring; the investigation, arrest, and detention of Michael Williams; the prosecution of Michael Williams and subsequent dismissal of charges; as well as any other police response, investigation, 9-1-1 call or resident report relating to the shooting death of Safarian Herring.

6.      "Person" shall refer to any individual, corporation, partnership, organization or other legal entity.

7.      "Relate," "relating to," "regarding" or "concerning" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

8.      "Identify" with respect to a person shall mean to provide that person's name, address, and telephone number; with respect to a Document, "identify" shall mean to tprovide the date of the Document, the authority of the Document, the subject matter of the Document, and, where applicable, all recipients of the Document; with respect to a Communication,

"identify" shall mean to provide the date of the Communication, the person making the Communication, the subject matter of the Communication, and all Persons who received the Communication.

9.      "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing the request, the singular shall include the plural and the plural shall include the singular, and the use of a masculine, feminine, or neuter pronoun shall not exclude any of the others. The past tense includes the present tense and the present tense includes the past tense, where the clear meaning is not destroyed by the change.

**Instructions**

1.      In producing documents pursuant to these requests, the defendant shall indicate, by request number, the specific request(s) to which the documents are responsive.  If a document is responsive to more than one paragraph of this request, it need only be produced once.  However, the defendant shall identify each request to which it is responsive.

2.      In response to these requests, the defendant shall produce all documents within its possession, custody, or control including those that it has effective power to obtain.

3.      For each document responsive to these requests that is withheld from production under a claim of privilege, immunity or work product protection, the following information must be provided:

a)      The place, date and manner of recording or preparing the document;

b)      The name and title of the sender and the name and title of each recipient of the document;

c)      A description of the subject of the document;

3

        d)      The identity of each person or persons (other than stenographic or clerical assistance) participating in the preparation of the documents;

        e)      The identity of each person to whom the contents of the document have heretofore been communicated by copy, exhibition, sketch, reading, or summarization, the dates of such communication, and the employer and title of the person at the time of said communication; and

        f)      A statement of the basis on which privilege, immunity or work protection is claimed.

4.      With respect to each and every redaction of information on documents produced by the defendant, provide a statement setting forth the following:

        a)      The page or pages on which the redaction occurs;

        b)      The general nature or description of the information redacted, the subject matter of the redacted information, and the number of lines or pages that are redacted; and

        c)      The specific factual and legal grounds upon which you base your claim of privilege.

5.      All requests herein are continuing in nature so as to require prompt supplemental responses when and if the defendant obtains additional information. Additional documents or information shall be produced promptly upon the defendant's acquisition, but not later than 30 days after such documents or information are received by the defendant.

6.      Documents that are stored electronically shall be produced in their native format with all metadata intact.

7.      Any request for a Document is also a request to produce all iterations of that Document, including all earlier and all later versions of that Document.

8.      If there are no Documents in your possession, custody, or control responsive to a particular request, please so state and Identify the particular request for which you have no responsive Documents in your possession, custody, or control.

9.      If any Documents responsive to Plaintiff's discovery requests are known by you to exist but are not in your possession, custody, or control, please Identify those Documents and the Person who has possession, custody, or control thereof.

**Requests for Production**

1.      All Documents concerning RD No. JD 249292 (the shooting of Safarian Herring), including but not limited to all investigative notes, voicemails, all email or other electronic communications, video, and ESI reviewed, obtained, and/or inventoried in connection with the investigation.

2.      All Documents concerning RD No. JD 249309, including but not limited to all investigative notes, voicemails, all email or other electronic communications, video, and ESI reviewed, obtained, and/or inventoried in connection with the investigation.

3.      All Communications between any agent of the City of the Chicago and any agent of the Cook County State's Attorney's Office regarding the following (a) RD No. JD 249292; (b) Michael Williams, and/or (c) *People v. Williams*, 20 CR 0899601.

4.      All Communications between any agent of the City of the Chicago and any agent of ShotSpotter regarding the following (a) RD No. JD 249292; (b) Michael Williams, and/or (c) *People v. Williams*, 20 CR 0899601; and/or (d) ShotSpotter Incident # 778-135393.

5.      All Documents that relate to efforts by the any agent of the City of Chicago to determine the license plate number and/or identity of the driver and/or passenger(s) of the dark sedan/coupe referenced in Paragraph 266 of Plaintiffs' First Amended Complaint.

6.      For the Case Supplementary Report dated December 20, 2020 for JD 249292 (the shooting of Safarian Herring), Documents/ESI sufficient to show the identity of all report authors and the dates, times, and manner in which the report was authored, edited and/or reviewed.

7.      All Documents submitted to the court in connection with Michael Williams' probable cause hearing, including the email that Defendant Potter submitted and all attachments thereto.

8.      Any and all information obtained from any Automated License Plate Reader ("ALPR") system in the relation with RD Nos. 249292 and/or 249309.

9.      Any and all information obtained from any ALPR system that may identify the dark sedan/coupe referenced in Paragraph 266 of Plaintiffs' First Amended Complaint, including but not limited to license plate numbers gathered by license plate readers situated in such a way as to capture license plates on cars traveling north on Stony Island between 5600 S. Stony Island and 6400 S. Stony Island between the hours of 11:30 and 11:50 PM, and westbound cars on 63rd Street between 1600 E. 63rd Street and 500 W. 63rd Street during those same hours.

10.     Any and all information captured or produced by any ALPR system on May 31, 2020, between the hours of 11:30 p.m. and midnight within the area bounded by East 83rd Street to the South, Lake Michigan to the East, East 57th Street to the North, and S. Ashland Avenue to the West, including but not limited to information regarding the location of each ALPR camera in this area, the license plate numbers scanned by each camera, any information regarding the year/make/model/color of vehicles scanned, the time of each scan, and the photographs associated with each scan.

11.     All Documents identified in your Rule 26(a)(1) disclosures.

12.     All Documents that you may rely on in support of your claims or defenses in this action, including solely for impeachment.

13.     All personnel files for the Williams Defendant Officers.

14.     All CR files for the Williams Defendant Officers.

15.     All Documents obtained pursuant to subpoena issued in this matter.

16.     All Documents obtained from non-parties to this action concerning Michael Williams, Safarian Herring, and/or Williams Defendant Officers, including but not limited to those obtained by FOIA request.

17.     All Documents relating to RD Nos. HV427837 and HZ511088.

18.     Any and all court calendars kept by the Williams Defendant Officers.

19.     Any and all training materials the Williams Defendant Officers have regarding any of their police academy training, and any on-the-job training.

20.     Any and all documents related to any disciplinary action(s), including but not limited to, suspension, reprimands (verbal or written), and termination, which each of the Williams Defendant Officers have received from the City of Chicago.

21.     Copies of all documents in the possession of each of the Williams Defendant Officers regarding any other civil lawsuits each of the Williams Defendant Officers have been a party to (whether plaintiff or defendant).

22.     Any and all documents regarding any complaints made by civilians against each of the Williams Defendant Officers for improper conduct in his or her role as a police officer.

23.     Any and all documents in and relating to the Summary Punishment Action Request (SPAR) file of each of the Williams Defendant Officers.

24.     Copies of any emails, letters, saved text messages, saved Facebook messages, or any other type of documented correspondence between each of the Williams Defendant Officers and any other Defendant Officers regarding Michael Williams, this lawsuit, ShotSpotter, and/or the Safarian Herring Homicide Investigation and Michael Williams Arrest/Detention.

25.     All documents referred to, identified, relied upon, or related to any your answers to any of Plaintiff's Interrogatories.

26.     All paperwork completed by each of the Williams Defendant Officers or any other person related to the Safarian Herring Homicide Investigation and Michael Williams Arrest/Detention.

27.     Any Internal Affairs Division ("I.A.D."), and/or the Independent Police Review Authority ("IPRA"), and/or Civilian Office of Police Accountability ("COPA") files and documents that involved the Williams Defendant Officers, during their complete tenure as City employees including but not limited to internal investigation documents created as a result of, or in relation to, the Safarian Herring Homicide Investigation and Michael Williams Arrest/Detention.

28.     Any and all documents kept in the CLEAR system or any internal City law enforcement computer system or software related to Michael Williams.

29.     Any and all complaint log documents for each of the Williams Defendant Officers.

30.     Any and all correspondence (whether electronic, hard-copy or otherwise) with non-parties related to (a) RD No. JD 249292; (b) Michael Williams; (c) *People v. Williams*, 20 CR 0899601; (d) this lawsuit; (e) ShotSpotter; and/or (f) the Safarian Herring Homicide

Investigation and Michael Williams Arrest/Detention, created by each of the Williams Defendant Officers or their attorneys or other agents on or after May 31, 2020.

31.     Any and all non-disciplinary intervention files for each of the Williams Defendant Officers.

32.     All event history table(s) relating to RD No. JD 249292, RD No. JD 249309, and/or ShotSpotter Incident # 778-135393 (including any associated police dispatch/call for service).

33.     Any and all Supervisor Logs relating to RD No. JD 249292, RD No. JD 249309, and/or ShotSpotter Incident # 778-135393 (including any associated police dispatch/call for service).

34.     All Documents related to training, guidance, rules, technical information, or similar information provided to each and any of Williams Defendant Officers about ShotSpotter, including but not limited to the meaning of a ShotSpotter alert and the manner in which ShotSpotter information should be used when carrying out patrol and/or investigative activities.

35.     All General Orders, directives, memos, or other written policies concerning the use of or reliance on ShotSpotter alerts by detectives of the Chicago Police Department in effect on May 31, 2020 or thereafter.

36.     All Documents in existence on or before August 28, 2020, that relate to the efficacy or results of ShotSpotter in Chicago Police District 3, including bulletins or updates relating to ShotSpotter alerts, reports that concern the number of ShotSpotter alerts, the outcome or consequences of ShotSpotter alerts, the number of gunfire incidents that ShotSpotter missed, and complaints sent to ShotSpotter relating to alerts that ShotSpotter issued or gunfire incidents where ShotSpotter did not issue an alert or issued a mislocated alert.

37.      All Documents relating to the ShotSpotter alert issued on or around 11:46 p.m. on May 31, 2020, in the vicinity of the corner of E. 63rd Street and S. Stony Island Avenue, Chicago, Illinois, including but not limited to:

      a.      audio provided by ShotSpotter,

      b.      all information or technical data provided by or obtained from ShotSpotter,

      c.      correspondence with ShotSpotter or any of its employees or agents.


Respectfully submitted,

/s/Jonathan Manes

*One of Plaintiffs' Attorneys*


Jonathan Manes
Alexa Van Brunt
MacArthur Justice Center
160 E. Grand Ave., 6th Fl.
Chicago, Illinois 60615
(312) 503-0012
jonathan.manes@macarthurjustice.org
a-vanbrunt@law.northwestern.edu

Elizabeth Mazur
Hughes Socol Piers Resnick & Dym
70 W. Madison Street, Suite 4000
Chicago, IL 60602
(312) 580-0100
emazur@hsplegal.com

Daniel Massoglia
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
(336) 575-6968
daniel@first-defense.org

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document was served to all counsel of record by electronic mail on February 17, 2023.

Respectfully submitted,

/s/Jonathan Manes