# EXHIBIT A

(Subpoena to SoundThinking f/k/a ShotSpotter)

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | )|
|---|---|
| MICHAEL WILLIAMS, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 22 C 03773 |
| CITY OF CHICAGO, et al. | ) |
| | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: C T Corporation System, Illinois Registered Agent for ShotSpotter, Inc.
208 South LaSalle Street, Suite 814, Chicago, IL 60604

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED RIDER.

| Place: First Defense Legal Aid, 601 S. California Ave, Chicago, IL 60612 (production may be made electronically to daniel@first-defense.org) | Date and Time: 04/03/2023 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/13/2023

*CLERK OF COURT*
OR
/s/ Daniel Massoglia

_____        _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Michael Williams, Daniel Ortiz, Derick Scruggs, Lucy Parsons Labs , who issues or requests this subpoena, are:

Daniel Massoglia, 601 S. California Ave., Chicago, IL 60612, daniel@first-defense.org, 336-575-6968

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case: 1:22-cv-03773 Document #: 115-1 Filed: 06/19/23 Page 3 of 10 PageID #:1694

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 22 C 03773

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* ShotSpotter Inc. c/o CT Corporation System
on *(date)* 03/13/2023.

☑ I served the subpoena by delivering a copy to the named person as follows:
Derrick Hackett, Authorized Representative
on *(date)* 03/14/2023 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date: 03/15/2023

*Server's signature*

Mike Noble, Process Server
*Printed name and title*

1706 Northfield Sq #B
Northfield, IL 60093
800-637-1805
*Server's address*

Additional information regarding attempted service, etc.:
Service on: ShotSpotter Inc. C/o CT Corporation System
208 South LaSalle Street, Suite 814 Chicago, IL 60604

Served to: Derrick Hackett, Authorized Representative
03/14/2023 at 4:03 PM

Documents Served: Subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action, Rider to subpoena to Shotspotter, Inc.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS, *et al.*, | |
| Plaintiffs, | Case No. 22-cv-3773 |
| v. | Judge Lindsay C. Jenkins |
| CITY OF CHICAGO, *et al.*, | |
| Defendants. | |

**RIDER TO SUBPOENA TO**
**<u>SHOTSPOTTER, INC.</u>**

**Definitions and Instructions**

"Document" includes but is not limited to any handwritten, typed, photographed, computerized, electronic, audio, video, or other graphical matter, regardless of how it is printed, stored or reproduced, in your possession, custody, or control, or known by you to exist, whether or not claimed to be privileged or otherwise excludable from discovery.

"Communication" includes any/all forms of communication, including, for example, letters, emails (and any attachments thereto), notes, text messages, voicemails, social media communications or the like.

"CPD" means the Chicago Police Department.

"COEMC" means the Chicago Office of Emergency Management and Communications.

"CCSAO" means the Cook County State's Attorney's Office.

"ShotSpotter" means ShotSpotter, Inc. and any of its employees, agents, subsidiaries, or affiliates, as applicable.

"Relate," "relating to," "regarding" or "concerning" means directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

"And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing the request, the singular shall include the plural and the plural shall

1

include the singular, and the use of a masculine, feminine, or neuter pronoun shall not exclude any of the others. The past tense includes the present tense and the present tense includes the past tense, where the clear meaning is not destroyed by the change.

If any information, whether or not written, is responsive to any of the following requests for production, and is withheld based on any claims of privilege, provide: (1) the name and job title or capacity of the author(s)/originator(s); (2) the names of all person(s) who received the document or a copy of it and their affiliation (if any) with the producing party; (3) a general description of the document by type (e.g., letter, memorandum, report); (4) the date of the document; and (5) a general description of the subject matter of the document

**Materials Sought**

1. Regarding ShotSpotter Incident # 778-135393, all of the following:

   (a) All real-time alerts sent from ShotSpotter to CPD, COEMC, or any other agency or department of the City of Chicago, on May 31, 2020, at approximately 11:46 p.m.;

   (b) The name, résumé, any other documents listing qualifications/experience, training materials, proficiency/competency testing record (including actual proficiency tests with answers), and contact information of any ShotSpotter employee who reviewed the noise event in this incident;

   (c) The locations of all sensors involved in the ShotSpotter detection in this incident, including sensors 310044, 310064, and 310069;

   (d) All Documents regarding calibration and performance checks for all sensors involved in the ShotSpotter detection in this incident, including sensors 310044, 310064, and 310069, and including any and all data relied on by ShotSpotter technicians to gauge whether the above sensors were working appropriately as of May 31, 2020;

   (e) The audio files and all associated metadata for the noises detected by all of the 19 sensors allegedly involved in this incident;

   (f) The locations of all ShotSpotter sensors in the area of Chicago bounded by Lake Michigan on the east, Ashland Avenue on the west, 51st Street on the north, and 71st Street on the south;

   (g) All Communications regarding this incident between ShotSpotter and CPD, COEMC, or CCSAO;

   (h) All data used by ShotSpotter's algorithm in analyzing this incident, including any "mosaics" or "image mosaics" created and the data embedded in such "mosaics" or "image mosaics";

        The ShotSpotter algorithm's calculation of the 'confidence' percentage of whether the noise event in this Incident was a gunshot.

   (i) Any other Documents relating to this incident.

   (j) All documentation and audio regarding any noise events detected by ShotSpotter between 11:30 p.m. and 11:59 p.m. on May 31, 2020, within a 1-mile radius of 6301 S. Stony Island Ave, Chicago, Illinois, including noise events that were not sent to CPD or COEMC and/or were not classified as gunfire or possible gunfire by ShotSpotter.

2. Regarding *People v. Michael Williams*, 20 CR 0899601 (Cir. Ct. Cook County, Illinois):

   (a) All communications between ShotSpotter and CPD, COEMC, CCSAO, or any officials, employees, or agents of the City of Chicago or CCSAO regarding (i) *People v. Michael Williams*, 20 CR 0899601 (Cir. Ct. Cook County, Illinois), or the underlying investigation of that case, (ii) the provision of a Detailed Forensic Report, expert witness services, or any other services or information in connection with *People v. Michael Williams* or the underlying investigation of that case, (iii) Michael Williams, the Defendant in that case, (iv) the investigation underlying the prosecution of Mr. Williams.

   (b) All communications of ShotSpotter employee Walter Collier III—including communications to other ShotSpotter employees—regarding (i) *People v. Michael Williams*, 20 CR 0899601 (Cir. Ct. Cook County, Illinois), or the underlying investigation of that case, (ii) the provision of a Detailed Forensic Report, expert witness services, or any other services or information in connection with *People v. Michael Williams* or the underlying investigation of that case, (iii) Michael Williams, the Defendant in that case, (iv) the investigation underlying the prosecution of Mr. Williams.

3. Regarding ShotSpotter Incident # 784-361309, all of the following:

   (a) All real-time alerts sent from ShotSpotter to CPD, COEMC, or any other agency or department of the City of Chicago on April 19, 2021, at approximately 4:11 p.m.;

   (b) The name, résumé, any other documents listing qualifications/experience, training materials, proficiency/competency testing record (including actual proficiency tests with answers), and contact information of any ShotSpotter employee who reviewed the noise event in this incident;

   (c) The locations of all sensors involved in the ShotSpotter detection in this incident, including sensors 251084, 251006, and 251083;

   (d) All Documents regarding calibration and performance checks for all sensors involved in the ShotSpotter detection in this incident, including sensors 251084, 251006, and 251083, and including any and all data relied on by ShotSpotter technicians to gauge whether the above sensors were working appropriately as of April 19, 2021;

(e) The audio files and all associated metadata for the noises detected by all sensors involved in this incident;

(f) The locations of all ShotSpotter sensors in the area of Chicago bounded by N. Austin Avenue on the east, Harlem Avenue on the west, W. Irving Park Road on the north, and W. Grand Avenue on the south;

(g) All Communications regarding this incident between ShotSpotter and CPD, COEMC, or CCSAO;

(h) All data used by ShotSpotter's algorithm in analyzing this incident, including any "mosaics" created and the data embedded in such "mosaics";

(i) The ShotSpotter algorithm's calculation of the 'confidence' percentage of whether the noise event in this Incident was a gunshot.; and

(j) Any other Documents relating to this incident.

(k) All documentation and audio regarding any noise events detected by ShotSpotter between 3:55 p.m. and 4:25 p.m. on April 19, 2021, within a 1-mile radius of 6725 W. Belmont Ave, Chicago, Illinois, including noise events that were not sent to CPD or COEMC and/or were not classified as gunfire or possible gunfire by ShotSpotter.

4. Regarding ShotSpotter Incident # 312-761930, all of the following:

(a) All real-time alerts sent from ShotSpotter to CPD or COEMC or any other agency or department of the City of Chicago on July 18, 2022, at approximately 8:18 p.m.;

(b) The name, job description, résumé, any other documents listing qualifications/experience, training materials, proficiency/competency testing record (including actual proficiency tests with answers), and contact information of any ShotSpotter employee who reviewed the noise event in this incident;

(c) The locations of all sensors involved in the ShotSpotter detection in this incident, including sensors 610005, 1041, 1042, and 1039;

(d) All Documents regarding calibration and performance checks for all sensors involved in the ShotSpotter detection in this incident, including sensors 610005, 1041, 1042, and 1039, and including any and all data relied on by ShotSpotter technicians to gauge whether the above sensors were working appropriately as of July 18, 2022;

(e) The audio files and all associated metadata for the noises detected by all sensors involved in this incident;

(f) The locations of all ShotSpotter sensors in the area of Chicago bounded by S Halsted Street on the east, S Western Avenue on the west, 63rd Street on the north, and 83rd Street on the south;

(g) All Communications regarding this incident between ShotSpotter and CPD, COEMC, or CCSAO;

(h) All data used by ShotSpotter's algorithm in analyzing this incident, including any "mosaics" created and the data embedded in such "mosaics";

(i) The ShotSpotter algorithm's calculation of the 'confidence' percentage of whether the noise event in this Incident was a gunshot.; and

(j) Any other Documents relating to this incident.

(k) All documentation and audio regarding any noise events detected by ShotSpotter between 8:00 p.m. and 8:35 p.m. on July 18, 2022, within a 1-mile radius of 7347 S. Ashland Ave, Chicago, Illinois, including noise events that were not sent to CPD or COEMC and/or were not classified as gunfire or possible gunfire by ShotSpotter.

5. All communications between employees or agents of ShotSpotter and employees or agents of CPD, COEMC, the City of Chicago, or CCSAO regarding this lawsuit, *Michael Williams v. City of Chicago*, No. 22-cv-3773 (N.D. Ill.)

6. All validation studies, data, and other literature that reflect the accuracy/reliability of ShotSpotter gunshot detection/location/timing system, including but not limited to all developmental validation and data of ShotSpotter's gunshot detection/location/timing system, and all validation and verification of the computer code involved in ShotSpotter's gunshot detection/location/timing system.

7. All operating procedures of any kind that ShotSpotter employees follow when reviewing noise event data in order to determine whether the noise event originated from gunshots or possible gunshots; to determine the location and timing of suspected gunshots; and/or to determine whether to send a real-time alert to a customer. This request is limited to responsive documents that were in effect at any time between May 30, 2020 and July 19, 2022.

8. All materials used or provided by ShotSpotter personnel to train or educate employees of the City of Chicago, Chicago Police Department, or the Chicago Office of Emergency Management and Communications on any part of ShotSpotter's gunshot detection/location/timing system. This request is limited to responsive documents from January 1, 2018, through July 19, 2022.

9. All Documents and data (as well as reviews, summaries or analysis of such data) retained by ShotSpotter regarding its system's performance in Chicago, Illinois including:

      a. Deployment Qualification testing, live-fire testing, or similar validation testing;

      b. Performance Overview Reports or similar reports from January 1, 2020 through December 31, 2022, showing ShotSpotter's performance under contractual Service Level Agreements,

      c. Records of any instances between January 1, 2020 through December 31, 2022, in which ShotSpotter misidentified, failed to identify, failed to detect, or mislocated gunshots or other sounds events (false positives, false negatives, and localization errors)

      d. Any Reclassification Notices, error reports, complaints, or other Communications sent to ShotSpotter by CPD or COEMC regarding possible errors by the ShotSpotter system between January 1, 2020, and December 31, 2022

10. A list, and records of, all instances during the following periods in which employees of ShotSpotter in the Incident Review Center disagreed with the ShotSpotter algorithm's determination regarding the source (whether a gunshot or otherwise) or location of a noise event, including whether said employee changed any such determination: May 15, 2020 through June 15, 2020; April 4, 2021 through May 4, 2021; and July 3, 2022, through August 2, 2022.

11. Copies of all contracts executed between ShotSpotter and the CPD, COEMC, and the City of Chicago pertaining to ShotSpotter's gunshot detection/location/timing system that were in effect at any time between May 30, 2020 and July 19, 2022

12. Any system requirements specifications or software requirements specifications used in the development or production of ShotSpotter's gunshot detection/location/timing system.

13. All data, plans, summaries, studies, reports, and other Documents regarding the samples used and approach taken to train ShotSpotter's "machine learning" algorithms to identify and locate gunfire. This request is limited to responsive documents relating to the ShotSpotter algorithms in use with respect to ShotSpotter Incident numbers 784-361309, 778-135393, and 312-761930.

14. All bug reports or similar Documents regarding errors or bugs in any part of the ShotSpotter system that analyzes sound events during the period of January 1, 2020 to December 31, 2022.

15. Records sufficient to identify the models, methods, or algorithms, including any combinations of multiple algorithms, that are used (i) as part of ShotSpotter's computerized location estimation/multilateration system, whether it be Reddi, MLG, LeastSquares, Iterative Discharge Time or otherwise, and (ii) as part of ShotSpotter's computerized noise classification system, whether it be ResNet or otherwise. This request is limited to responsive documents reflecting models, methods, or algorithms used with respect to ShotSpotter Incident numbers 784-361309, 778-135393, and 312-761930.