# EXHIBIT G

**City Response to Supplemental Requests for Production (June 16, 2023)**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CHICAGO, et al.,<br><br>Defendants. | Case No. 22-cv-03773<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Judge Young B. Kim<br><br>Jury Trial Demanded |

**DEFENDANT CITY OF CHICAGO'S RESPONSE TO
PLAINTIFFS' SUPPLEMENTAL REQUESTS FOR PRODUCTION**

Defendant City of Chicago (the "City"), by and through its attorneys, and pursuant to Federal Rule of Civil Procedure 34 ("Rule") and the Court's May 17, 2023 Minute Entry [Dkt. 99], for its responses to Plaintiffs' Supplemental Requests for Production ("Requests"), states as follows:

**GENERAL OBJECTIONS**

(a) The City objects to the Requests to the extent they seek information subject to the attorney-client privilege, joint defense privilege, deliberative process privilege, the work product doctrine, common interest doctrine, or any other applicable privileges. By providing answers to the Requests, the City does not waive, intentionally or otherwise, the City's attorney-client privilege, deliberative process privilege, work product protection, or other applicable privileges protecting its communications, transactions or records from disclosure. Inadvertent production of information or documents inconsistent with the foregoing is wholly in error and by mistake and not a waiver of any such privilege or protection.

(b) The providing of answers to and the production of documents in response to the Requests is made without, in any way, waiving, but rather, intending to preserve and preserving:

   (i) all objections of the City as to competency, relevancy, materiality, and admissibility of the Requests, answers or the subject matter thereof;

   (ii) all rights of the City to object on any grounds to the use of any of the answers, or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other action; and

   (iii) all rights of the City to object on any grounds to any request for further answers to these or any other Requests or any other discovery requests involving or related to the subject matter of these Requests.

 (c) The City objects to the Requests to the extent that any or all of them purport to request information outside its possession, custody or control.

Without waiving any of the foregoing general objections, each of which is expressly incorporated into each individual response as if fully set forth herein, the City responds to the Requests below as follows:

## SUPPLEMENTAL REQUESTS FOR PRODUCTION

**SUPPLEMENTAL REQUEST NO. 1.** All Documents that have been made available to Defendant Officers or of which they are otherwise aware that contain information about the testing or reliability of ShotSpotter. This request encompasses testing/reliability of both the ShotSpotter alert's indication that a noise was generated by gunfire and its determination of the location of that noise/gunfire.

**RESPONSE:** The City objects to the extent that documents of which the Defendant Officers "are otherwise aware" is vague and/or are not in the City's possession, custody, or control. Subject to these and the general objections, the City continues to investigate whether any responsive documents exist.

**SUPPLEMENTAL REQUEST NO. 2.** All Documents that have been made available to Defendant Officers or of which they are otherwise aware that describe, guide, direct, train or

2

otherwise provide information about the meaning of ShotSpotter alerts or what information is conveyed by such alerts.

**RESPONSE:** The City objects to the extent that documents of which the Defendant Officers "are otherwise aware" is vague and/or are not in the City's possession, custody, or control. Subject to these and the general objections, the City directs Plaintiffs to Special Order S03-19, ShotSpotter Flex Program, bates labelled CITY00000611-14. The City continues to investigate whether any further responsive documents exist.

**SUPPLEMENTAL REQUEST NO. 3.** All Documents that have been made available to Defendant Officers or of which they are otherwise aware that describe, guide, direct, train or otherwise inform Defendant Officers about how to use ShotSpotter information in the course of a criminal investigation.

**RESPONSE:** The City objects to the extent that documents of which the Defendant Officers "are otherwise aware" is vague and/or are not in the City's possession, custody, or control. Subject to these and the general objections, the City directs Plaintiffs to Special Order S03-19, ShotSpotter Flex Program, bates labelled CITY00000611-14. The City continues to investigate whether any further responsive documents exist.

**SUPPLEMENTAL REQUEST NO. 4.** All Documents that have been made available to Defendant Officers or of which they are otherwise aware that describe, guide, direct, train or otherwise inform Defendant Officers about how to use ShotSpotter alerts when responding to such alerts in real time.

**RESPONSE:** The City objects to the extent that documents of which the Defendant Officers "are otherwise aware" is vague and/or are not in the City's possession, custody, or control. Subject to these and the general objections, the City directs Plaintiffs to Special Order S03-19, ShotSpotter Flex Program, bates labelled CITY00000611-14. The City continues to investigate whether any further responsive documents exist.

**SUPPLEMENTAL REQUEST NO. 7.** All notifications to the Defendant Officers of court dates or administrative hearings dates that pertain to the Plaintiff or the allegations in the Amended Complaint.

**RESPONSE:** Subject to the general objections, the City will produce or make available for inspection at a mutually agreeable place and time, non-privileged documents. The City is in the process of collecting the responsive documents. Investigation continues.

Dated: June 16, 2023

Respectfully submitted,

**CITY OF CHICAGO**

*/s/ Michael P. Sheehan*
One of Its Attorneys

Michael P. Sheehan
Allan T. Slagel
Barton O'Brien
Ioana M. Guset
Yeoeun C. Yoon
TAFT STETTINIUS AND HOLLISTER LLP
111 East Wacker Drive
Suite 2600
Chicago, Illinois 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
Email: msheehan@taftlaw.com
aslagel@taftlaw.com
bobrien@taftlaw.com
iguset@taftlaw.com
yyoon@taftlaw.com

127452077v3

4

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of this document was served to all counsel of record by electronic mail on June 16, 2023

*/s/ Yeoeun C. Yoon*