# Exhibit D

Defendant City's Objections to Plaintiff Michael Williams's Requests for Production

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL WILLIAMS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CHICAGO, *et al.*,<br><br>Defendants. | Case No. 22-cv-3773<br><br>Judge Lindsay C. Jenkins<br>Magistrate Judge Young B. Kim |

**CITY OF CHICAGO'S OBJECTIONS TO PLAINTIFF MICHAEL WILLIAMS' SECOND SET OF REQUESTS FOR PRODUCTION**

Defendant City of Chicago (the "City"), by and through its undersigned counsel, and pursuant to the Court's October 19, 2023 Order [Dkt. 212], submits its objections to Plaintiff Michael Williams' Second Set of Requests for Production ("Requests"), and states as follows:

**OBJECTIONS TO REQUESTS FOR PRODUCTION**

1. For the period January 1, 2017 to January 1, 2021, all written policies, procedures, practices, guidance, regulations, rules, orders, directives, memoranda or similar documents of the City of Chicago or Chicago Police Department:

a. the use of ShotSpotter in criminal investigations or prosecutions, including but not limited to the activities described in Section VII.D of CPD Special Order S03-19;

b. activities of Area Technology Centers with respect to ShotSpotter alerts, including investigative lead summaries and detailed forensic reports;

c. cross-referencing or other use of ShotSpotter alerts in conjunction with other sources of information such as surveillance cameras, Briefcam, automated license plate readers, facial recognition technology, GPS information from electronic monitors worn by people as a condition of pretrial release, parole, probation or other forms of community supervision, or social media monitoring tools.

**RESPONSE:** The City objects to this Request on the grounds that it is overly broad in time and scope and to the extent that it seeks information not relevant to any claims or defenses in this

case, and therefore is unduly burdensome, not proportional to the needs of the case, and the burden and expense of the proposed discovery outweighs any likely benefit. Plaintiff Williams' *Monell* claim against the City (Count XII) does not involve any allegation from a time scope beginning in or around January 1, 2017. The City further objects to this Request to the extent that it seeks documents and information protected by the deliberative process privilege, attorney-client privilege, and/or work product doctrine.

2. All Documents from January 1, 2017 to January 1, 2021, relating to training of CPD detectives with respect to ShotSpotter and/or its use in the course of criminal investigations. This request includes but is not limited to training on:

a. how ShotSpotter works, its capabilities, and its functions, including how it determines the location of actual or possible gunshots;

b. the precision, accuracy, or reliability of ShotSpotter, including with respect to distinguishing gunshots from other loud noises and determining the location of actual or possible gunshots;

c. how to interpret or understand the location information and maps provided in ShotSpotter reports

d. ShotSpotter Investigative Lead Summaries or Detailed Forensic Reports;

e. any other functions related to ShotSpotter described in Section VII.D of CPD Special Order S03-19;

f. Area Technology Center personnel responsibilities with respect to ShotSpotter alerts;

**RESPONSE:** The City objects to this Request to the extent that it seeks documents and information protected by attorney-client privilege or deliberative process privilege.

3. For all Persons identified in response to Michael Williams Interrogatory No. 4, produce all documents and communications concerning ShotSpotter, including but not limited to documents reflecting actual or potential changes to City training, policies, procedures, practices, guidelines, regulations, rules, orders, directives, memoranda or similar documents that concern the matters identified in Request No. 1 above.

**RESPONSE:** The City objects to this Request on the grounds that it is overly broad in time and scope and seeks information not relevant to any claims or defenses in this case, and therefore is unduly burdensome, not proportional to the needs of the case, and the burden and expense of the proposed discovery outweighs any likely benefit. This Request is overly broad in time because it is not limited by a time scope. The City further objects to this Request to the extent that it seeks documents and information protected by the deliberative process privilege or attorney-client privilege.

4. All documents from July 1, 2017 to the present that concern any policy, practices, notices, advice, or similar guidance communicated to members of the Chicago Police Department by agents of the Cook County State's Attorney's Office or agents of ShotSpotter regarding the use of ShotSpotter evidence in the course of criminal prosecutions including the admissibility of ShotSpotter evidence and the circumstances in which ShotSpotter evidence may be used in support of criminal prosecutions.

**RESPONSE:** The City objects to this Request on the grounds that it is overly broad in time and scope and seeks information not relevant to any claims or defenses in this case, and therefore is unduly burdensome, not proportional to the needs of the case, and the burden and expense of the proposed discovery outweighs any likely benefit. Plaintiff Williams' *Monell* claim against the City (Count XII) does not involve any allegations beginning in or around January 1, 2017 or regarding "criminal prosecutions." The City further objects to this Request to the extent that it is unduly burdensome to ascertain whether an individual Assistant State's Attorney or agent of ShotSpotter communicated to an individual officer on a particular matter regarding the use of ShotSpotter evidence in the course of criminal prosecutions. Moreover, the documents sought are not relevant to the *Monell* claims regarding training and supervision alleged in this matter.

5. All documents identified in your Rule 26(a)(1) disclosures.

**<u>RESPONSE:</u>** The City objects to reproducing any documents responsive to this Request that have already been produced in this litigation.

6. All documents or communications that you may rely on in support of your claims or defenses in this action, including solely for impeachment.

**<u>RESPONSE:</u>** The City objects to this Request as premature. Subject to and without waiver of the foregoing, the City will supplement its response to this Request in accordance with the Federal Rules of Civil Procedure, and any hearing or trial scheduling Order issued in this matter.

7. All documents or communications prepared by City of Chicago officials concerning Plaintiff Williams' *Monell* claim in this lawsuit and related allegations in this lawsuit.

**<u>RESPONSE:</u>** The City objects to this Request on the grounds that it seeks documents and information protected by the deliberative process privilege, attorney client privilege, and/or work doctrine.

8. All documents tendered to any member of the news media in reference to this case.

**<u>RESPONSE:</u>** The City objects to this Request on the grounds that it seeks information not relevant to any claims or defenses in this case, and therefore is unduly burdensome, not proportional to the needs of the case, and the burden and expense of the proposed discovery outweighs any likely benefit.

9. All demonstrative aids or summaries of evidence prepared for use in this matter by the City of Chicago or its employees, agents or attorneys.

**<u>RESPONSE:</u>** The City objects to this Request to the extent that it is premature at this this time. Subject to and without waiver of the foregoing, the City will supplement its response to this

Request in accordance with the Federal Rules of Civil Procedure, and any hearing or trial scheduling Order issued in this matter.

10. For any experts you disclose pursuant to Rule 26, produce (a) all documents examined or relied upon by the expert; (b) all reports or opinions prepared by the expert;(c) a curriculum vitae for the expert, and (d) and copies of all articles, reports, or professional papers published by the expert.

**RESPONSE:** The City objects to this Request as premature because it has not yet identified expert witnesses under Rule 26. Subject to and without waiver of the foregoing, the City will supplement its response to this Request in accordance with the Federal Rules of Civil Procedure, and any hearing or trial scheduling Order issued in this matter.

11. All documents obtained from non-parties to this action concerning Plaintiff Williams's *Monell* claim alleged in the Second Amended Complaint, including but not limited to documents obtained by subpoena or FOIA request.

**RESPONSE:** The City objects to this Request on the grounds that it is overly broad in time and scope and to the extent that it seeks information not relevant to any claims or defenses in this case, and therefore is unduly burdensome, not proportional to the needs of the case, and the burden and expense of the proposed discovery outweighs any likely benefit. This Request is overly broad in time because it is not limited by a time scope. The City objects to this Request to the extent that it seeks documents and information protected by a common interest doctrine, joint defense privilege, or work product doctrine.

12. All documents, statements, or communications reflecting contacts or communications your attorneys or other agents, including anyone working at the direction of your attorneys, have had with any witnesses in this matter.

**RESPONSE:** The City objects to this Request on the grounds that it is overly broad in time and scope and to the extent that it seeks information not relevant to any claims or defenses in this

case, and therefore is unduly burdensome, not proportional to the needs of the case, and the burden and expense of the proposed discovery outweighs any likely benefit. This Request is overly broad in time because it is not limited by a time scope. The City objects to this Request to the extent that it seeks documents and information protected by the attorney client privilege and/or work product doctrine.

13. Any and all communications by Defendant's attorneys or their agents with non-parties that concern the Plaintiff Williams's *Monell* claim alleged in the Second Amended Complaint.

**RESPONSE:** The City objects to this Request on the grounds that it is overly broad in time and scope and to the extent that it seeks information not relevant to any claims or defenses in this case, and therefore is unduly burdensome, not proportional to the needs of the case, and the burden and expense of the proposed discovery outweighs any likely benefit. This Request is overly broad in time because it is not limited by a time scope. The City further objects to the extent that this Request seeks discovery upon discovery.

14. All documents referred to, identified, relied upon, or related to any of your answers to any of Plaintiff's Interrogatories.

**RESPONSE:** The City objects to this Request to the extent that it seeks documents and information protected by the deliberative process privilege, attorney client privilege, and/or work product doctrine. Subject to and without waiver of the foregoing, the City will produce or make available for inspection at a mutually agreeable place and time responsive, non-privileged documents referenced in the City's answers to Plaintiffs' Interrogatories.

Dated: December 15, 2023

Respectfully submitted,

**CITY OF CHICAGO**

By: */s/Michael P. Sheehan*
One of Its Attorneys

Michael P. Sheehan
Allan T. Slagel
Barton O'Brien
Ioana M. Guset
Yeoeun C. Yoon
TAFT STETTINIUS AND HOLLISTER LLP
111 East Wacker Drive
Suite 2600
Chicago, Illinois 60601
Telephone: (312) 527-4000
Email: msheehan@taftlaw.com
aslagel@taftlaw.com
bobrien@taftlaw.com
iguset@taftlaw.com
yyoon@taftlaw.com

130059043v5

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing ***City of Chicago's Objections to Plaintiff Michael Williams' Second Set of Requests for Production***, was served on all counsel of record by electronic mail on December 15, 2023.

*/s/Yeoeun Yoon*