UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Michael Williams, et al.
      Plaintiff,

v.              Case No.: 1:22−cv−03773
              Honorable Lindsay C. Jenkins

City Of Chicago, et al.
      Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, February 16, 2024:

  MINUTE entry before the Honorable Lindsay C. Jenkins: Defendant City of Chicago's motion to dismiss [235] is denied. To survive a motion to dismiss on a Monell claim, a plaintiff must plead facts that plausibly suggest the deprivation of a constitutional right stemming from a municipal action, like a deliberate policy or custom, that acted as the moving force behind the deprivation. Thomas v. Neenah Joint School District, 74 F.4th 521, 524 (7th Cir. 2023). Municipal liability rests on: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well−settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. Spiegel v. McClintic, 916 F.3d 611, 617 (7th Cir. 2019) (quoting Estate of Sims ex rel. Sims v. County of Bureau, 506 F.3d 509, 515 (7th Cir. 2007)). Monell claims are not subject to a more stringent pleading standard than any other claim. White v. City of Chicago, 829 F.3d 837, 84344 (7th Cir. 2016), and there is no bright line rule defining a "widespread custom or practice." Thomas v. Cook County Sheriff's Dept., 604 F.3d 293, 303 (7th Cir. 2010). Here, the SAC sufficiently alleges, among other things, that the City has (a) an express policy and widespread practice of making unconstitutional investigatory stops based on unreliable, untested information gleaned from ShotSpotter without independent corroboration that gunfire actually occurred; (b) that the City has failed to train officers on the need to obtain corroboration before detaining an individual and that the failure to train has allowed officers to improperly rely on ShotSpotter reports despite a lack of testing; and (c) that "key policymakers" have personal knowledge of ShotSpotter's improper use. [See, e.g., Dkt. 214 at paras. 11, 40–44, 90, 107–122, 123–137, 146–157, 460–463, 478–485.] These (and many other) allegations in the SAC are factual in nature, and they satisfy the relevant pleading standard. The SAC also alleges that the technology results in hundreds of illegal stops, including that of Defendants Scruggs and Ortiz, among others. As to Defendant Williams, it is true that his Monell claim rests on narrower grounds, but he has adequately alleged that the City failed to appropriately train officers and that the City's directive to officers to use ShotSpotter when investigating shootings (despite its purported unreliability) constitutes a viable failure−to−train Monell claim. The Court also denies Defendant's request to dismiss the Equal Protection claim, which requires Plaintiffs to allege that Defendants' actions had a discriminatory effect and were motivated by a discriminatory purpose. Chavez v. Ill. State Police, 251 F.3d 612, 63536

(7th Cir. 2001). The SAC alleges that placement decisions concerning where and how to use SpotShotter have discriminatory effects, including through an increase in unlawful police encounters among minority residents. [Dkt. 214 at paras. 123–172, 200–205.] At summary judgment, Plaintiffs may or may not be able to establish a discriminatory effort or that use of the technology was motivated by a discriminatory purpose, but the SAC passes muster at the pleadings stage. Finally, dismissal of the Illinois Civil Rights Act is not appropriate. An ICRA disparate–treatment claim need only "identify a specific [ ] practice, allege its causation of the disparate impact, and give Defendants fair notice of the claim"; the complaint need not allege statistical support to survive a motion to dismiss. McQueen v. City of Chicago, 803 F. Supp. 2d 892, 906–907 (N.D. Ill. 2011). Here, the SAC identifies a specific practice: deliberate placement of ShotSpotter in selected police districts with high minority resident populations. [Dkt. 214 at paras. 510–511.] And the SAC alleges that the deployment "produces a disparate harm" including by subjecting minority residents to increased police encounters, and slowing response time to 9–1–1 calls, among other alleged harms. [Id. at paras. 19, 512.] The motion is denied. Mailed notice. (jlj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.